JESSE STEERE *vs.* ADELIZA STEERE.

Dukes County.   November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Marriage and Divorce,* Cruel and abusive treatment, Condonation.

A decree of a probate court granting a libel by a husband for a divorce ". . . for the cause of cruel and abusive treatment . . . with reasonable apprehension of danger of injury to the health of the libellant if the libellant and libellee continue to live together, as found by me," is warranted, where the judge found in substance on evidence not reported that, after the parties had lived together for fourteen years with some quarrels which at times resulted in threats of personal violence, the libellee threw at the libellant some hot oatmeal which struck the libellant in the face, that at this time the parties separated for about six weeks when they returned and lived together for nearly a year and a half, when the libellee entered into an altercation with the libellant and scratched his face so severely that it bled profusely and that the parties then separated and had not since lived together; although the judge also found that, as a result of the foregoing acts of the libellee, the libellant was not made sick so that he was attended by a physician or suffered any loss of health, that the weight of the libellee was materially less than that of the libellant, and that she was a person "who, suffering nervously, afflicted with some anemia, was about fifty per cent efficient and over forty years of age."

A breach of the condition of a condonation of an assault by a wife upon her husband, that she would thereafter treat him "with conjugal kindness" may be shown, in a libel by the husband for a divorce, by evidence which would be insufficient to establish the principal charge in the libel, and, when shown, revives the right to maintain a libel for the original offence: a finding of such a breach was warranted upon the facts above set out.

LIBEL for divorce, filed in the Probate Court for the county of Dukes County on September 30, 1927, alleging that the libellee "on or about the twenty-fifth day of September A. D. 1927, and on divers other days and times, was guilty of cruel and abusive treatment towards your libellant."

The libel was heard by *Davis*, J., and the decree described in the opinion was entered. The libellee appealed.

The case was submitted on briefs.

*A. W. Davis & F. A. Pease,* for the libellee.

*J. B. Lowney,* for the libellant.

CROSBY, J. This is a libel for divorce filed in the Probate Court September 30, 1927. The judge of probate entered a decree *nisi* in favor of the libellant upon the following terms: ". . . for the cause of cruel and abusive treatment . . . with reasonable apprehension of danger of injury to the health of the libellant if the libellant and libellee should continue to live together, as found by me." The case is before us on a report filed by the judge under G. L. c. 215, § 11, and at the request of the libellee.

The judge found that the parties were married September 17, 1913, and lived together for about fourteen years; that they had some quarrels which at times resulted in threats of personal violence; that some time in the later part of February, 1926, or March 1, 1926, and again on September 25, 1927, the libellee committed an assault upon the libellant; that on the first occasion "the libellee threw at the libellant some hot oatmeal which struck the libellant in the face. At this time the parties separated for about six weeks when they returned and lived together until September 25, 1927, when the libellee . . . entered into an altercation with the libellant and scratched his face so severely that it bled profusely." The parties then separated and have not since lived together.

The judge further found that as a result of the foregoing acts of the libellee, the libellant was not made sick so that he was attended by a physician or suffered any loss of health; that the weight of the libellee was materially less than that of the libellant; and that she was a person "who suffering nervously, afflicted with some anemia, was about fifty per cent efficient and over forty years of age."

The judge could have found that the first assault committed by the libellee upon the husband was condoned by reason of their afterwards living together and assuming the marital relation. Such condonation, however, would be

upon the explicit condition that she would thereafter treat him "with conjugal kindness; and any breach of this condition revives the right to maintain a libel for the original offence . . . . The breach of such condition may be shown, in cases of libel by the wife for cruelty, by evidence which would be insufficient to establish the principal charge." *Gardner* v. *Gardner*, 2 Gray, 434, 441, 442. *Smith* v. *Smith*, 167 Mass. 87, 92. *Clark* v. *Clark*, 191 Mass. 128, 130. Although the above statement appears in a case where a libel was brought by the wife, it is equally applicable to a case where the libel is brought by a husband.

The judge having entered a decree *nisi* "for the cause of cruel and abusive treatment . . . with reasonable apprehension of danger of injury to the health of the libellant if the libellant and libellee should continue to live together . . . ," it cannot be said as matter of law that upon the evidence the decree was unwarranted. *Bailey* v. *Bailey*, 97 Mass. 373, 380, 381. *Jefferson* v. *Jefferson*, 168 Mass. 456, 460. *Freeman* v. *Freeman*, 238 Mass. 150. *Curtiss* v. *Curtiss*, 243 Mass. 51, and cases cited.

The libellee's first request that upon all the evidence the libel should be dismissed was rightly refused. The remaining requests were granted.

*Decree nisi to stand.*