PHYLLIS ROSE MOONEY *vs.* PETER MULDOUN ARCHER MOONEY.

Norfolk.    December 5, 1944. — December 30, 1944.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Marriage and Divorce*, Cruel and abusive treatment. *Probate Court*, Findings by judge, Appeal.

Upon an appeal from the dismissal of a libel for divorce, a statement in a report of material facts by the trial judge under G. L. (Ter. Ed.) c. 215, § 11, that the evidence was "insufficient . . . to enter a decree nisi," was of no weight where the evidence was not reported: the only question for determination by this court was whether the facts reported, together with reasonable inferences therefrom, supported the judge's decision.

Conduct of a husband on a single occasion a month and a half after marriage, when, while drunk, he struck his wife, knocked her down and beat her, causing bruises on her back, throat, arms and legs, without provocation or fault on her part, constituted cruel and abusive treatment within the meaning of G. L. (Ter. Ed.) c. 208, § 1, and, upon the wife's uncontested libel for divorce, required the granting of a decree nisi for that cause as a matter of law.

LIBEL FOR DIVORCE, filed in the Probate Court for the county of Norfolk on November 19, 1943.

The case was heard by *Reynolds*, J.

*D. F. McCormack*, for the libellant.

No argument nor brief for the libellee.

DOLAN, J. This libel for divorce alleging cruel and abusive treatment (G. L. [Ter. Ed.] c. 208, § 1) comes before us on the libellant's appeal from the decree entered by the judge dismissing the libel. The evidence is not reported, but at the request of the appellant the judge made a report of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11.

The material facts found by the judge may be summed up as follows. The parties were married in Quincy on September 1, 1943, and lived together until their separation on October 15, 1943. On the evening of that day they "stopped in at a café where the libellee had some drinks . . . [and] got 'drunk,' and 'noisy.'" The libellant suggested that they go home. The libellee became angry, and after they arrived at their apartment they had an argument and the libellee "struck or slapped the libellant, knocking her down, and then beat her. The libellant, hysterical, got up and immediately went to her mother's home. They never lived together after that. The . . . [libellant] sustained bruises on her back, throat, arms and legs as a result of the thrashing. This was the only occurrence of physical force used by the libellee against the libellant." The judge further found that "this isolated instance was not extreme cruelty"; that the libellee drank intoxicating liquor but that there "is no evidence that he drank to excess"; that the libellee had been duly served with notice of the pendency of the libel but had not appeared; that the libel was uncontested; and that "there was insufficient evidence to enter a decree nisi."

The finding that the evidence was "insufficient . . . to enter a decree nisi" carries no weight. See *Sidlow* v. *Gosselin*, 310 Mass. 395. Since the evidence is not reported the only question for determination is whether the facts found by the judge as provided in G. L. (Ter. Ed.) c. 215, § 11, together with the reasonable inferences therefrom, support his decision. The only duty of the judge was to make a correct decision on the pleadings and the specific facts found. *Kennedy* v. *Shain*, 288 Mass. 458, 459. *Macklin* v. *Macklin*, 315 Mass. 451, 454, and cases cited.

We are not called upon to discuss the distinction between cruel and abusive treatment and extreme cruelty. "The distinction between cruel and abusive treatment and extreme cruelty, also a ground for divorce under Gen. Sts. c. 107, § 9, Pub. Sts. c. 146, § 1, but omitted from R. L. c. 152, § 1, is pointed out in *Lyster* v. *Lyster*, 111 Mass. 327, 328, 329, *Jefferson* v. *Jefferson*, 168 Mass. 456, *Osborn* v. *Osborn*, 174 Mass. 399, 400." *Freeman* v. *Freeman*, 238 Mass. 150, 160. It may be observed, however, that when the statute set forth extreme cruelty as one of the causes for divorce the court said: "There must be extreme cruelty, without the fault of the wife, to authorize the court to liberate her from the control of her husband. But when force and violence are once used without provocation, the woman is unsafe. Such a husband ought not to have power over his wife. The excuse [mental derangement on the part of the husband] is not made out." *French* v. *French*, 4 Mass. 587–588. And a divorce was decreed.

"To establish cruel and abusive treatment it is not necessary to prove that the libellee had a malevolent intent to cause physical injury to the body or to the health of the libellant, it being sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely to follow the acts of the libellee." *Rudnick* v. *Rudnick*, 288 Mass. 256, 257.

There can be no question but that the conduct of the libellee that is complained of in the present case constitutes cruel and abusive treatment within the meaning of G. L. (Ter. Ed.) c. 208, § 1. Contrasted with other forms of cruel and abusive treatment held sufficient to justify a decree of divorce (see *Freeman* v. *Freeman*, 238 Mass. 150; *Curtiss* v. *Curtiss*, 243 Mass. 51), that found in this case was grossly cruel and abusive. Injury to the body of the libellant resulted therefrom. That it was an isolated instance is immaterial in the light of its character. That the libellee was drunk when he struck and beat the libellant is no excuse. *Commonwealth* v. *Hawkins*, 3 Gray, 463, 466. *Commonwealth* v. *Gleason*, 262 Mass. 185, 191. The facts found do not justify inferences that the attack was

made under great provocation or that there was fault on the part of the libellant.

Upon the facts found we conclude that the libellant sustained the burden of proving the cause set forth in the libel and that as matter of law she is entitled to a decree granting the divorce for that cause. . See *Waterhouse* v. *Waterhouse*, 225 Mass. 228, 230. It follows that the decree entered by the judge must be reversed and that instead a decree must be entered granting the divorce.

*So ordered.*