JOHN VERGNANI *vs.* ENES ESTA FERIOLI VERGNANI.

Hampden.     September 17, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Marriage and Divorce,* Cruel and abusive treatment.

On appeal from a decree granting a husband a divorce nisi on the ground of cruel and abusive treatment, the decree was reversed where it was stated in a report of material facts filed under G. L. (Ter. Ed.) c. 215, § 11, merely that the libellee "at one time threw a knife at the libellant and cut his forehead," and there was no report of the evidence.

LIBEL for divorce, filed in the Probate Court for the county of Hampden on April 14, 1947.

The case was heard by *Denison,* J.

In this court the case was submitted on briefs.

*A. T. Garvey & J. J. O'Connor,* for the libellee.

*P. E. Granfield,* for the libellant.

QUA, C.J.   The Probate Court granted to the libellant a divorce nisi for cruel and abusive treatment by the libellee. The libellee appeals. The evidence is not reported. The judge, however, in response to a request by the libellee under G. L. (Ter. Ed.) c. 215, § 11, [1] made a report of material facts which is set forth in full in the opinion in the case of a petition for separate maintenance by the libellee against the libellant also decided this day. *Vergnani* v. *Vergnani, ante,* 699. Apparently the two cases were heard together. In the opinion in the other case the libellant in this case is referred to as the respondent and the libellee is referred to as the petitioner.

This case must be decided solely upon the issue whether the facts reported, with any reasonable inferences we can draw from them, support the decree. Unless all facts necessary to the decree are included in the facts reported or can be inferred from them the decree cannot stand.

---

[1] See now St. 1947, c. 365, § 3.

*Topor* v. *Topor,* 287 Mass. 473, 476. *Mooney* v. *Mooney,* 317 Mass. 433. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727. *Briggs* v. *Briggs,* 319 Mass. 149, 150.

We have commented in the other case upon the meagerness of the findings. The only fact found that appears to bear upon cruel and abusive treatment is the naked fact that "The libellee at one time threw a knife at the libellant and cut his forehead." When this occurred does not appear. None of the circumstances is found from which this fact might derive color and substance. The throwing of a knife and the cutting of the forehead of a spouse on a single occasion might amount to the "cruel and abusive treatment" included as a cause of divorce in G. L. (Ter. Ed.) c. 208, § 1. *Mooney* v. *Mooney,* 317 Mass. 433 (where, however, there was much more than a single unexplained blow causing injury). See *Reddington* v. *Reddington,* 317 Mass. 760. But such an act would not necessarily have that effect. Not much more might be required in the way of circumstance, but we think that at least something more was necessary. The burden rested upon the libellant of proving that what occurred amounted to the "cruel and abusive treatment" meant by the statute. There is nothing to show the size of the knife, the force of the blow, or the extent or depth of the cut. It does not appear whether the knife was thrown in anger or even that the hitting of the libellant by the knife and the cutting of his forehead were not accidental. So far as appears the knife may have been thrown in self defence or under extreme provocation. Moreover, the findings suggest condonation, since it appears that "one time" the libellee threw the knife, and the libel alleges that the cruel and abusive treatment took place on or about October 1, 1944, while the findings show that the libellee did not finally leave the libellant until two years later, although she had also left "several times before." The circumstances of the libellee's final departure do not appear, and there is nothing to show that any condoned cruel and abusive treatment was revived as a cause of divorce by any conduct on her part in leaving the libellant or otherwise.

We are of opinion that the facts reported fall short of enough to support the decree. And they offer nothing from which inferences can be drawn of facts favorable to the libellant in addition to those expressly stated.

*Decree reversed.*