Flavell *v.* Flavell.

JOHN H. FLAVELL *vs.* JOSEPHINE FLAVELL
(and a companion case [2]).

Plymouth.    February 9, 1949. — June 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Marriage and Divorce*, Cruel and abusive treatment.

A decree of a Probate Court granting a divorce to an aged man on the ground of cruel and abusive treatment by his much younger wife was proper on the facts, stated in a voluntary report of all the material facts made by the judge without a report of the evidence, that she "has scratched the libellant's face, and has thrown food at him . . . that her conduct has put him in fear of her," and that he "locks his bedroom door and spends most of his time in his barn."

---

[2] The companion case is Josephine Flavell *vs.* John H. Flavell.

LIBEL for divorce, filed in the Probate Court for the county of Plymouth on April 14, 1947. Also a

PETITION for separate maintenance filed in the same court on May 15, 1947.

The cases were heard by *Stone*, J.

*J. A. Reilly*, for Josephine Flavell.

*W. C. Crossley*, for John H. Flavell.

QUA, C.J. These cases are a libel for divorce by a husband against his wife and a cross petition by the wife against the husband for separate maintenance under G. L. (Ter. Ed.) c. 209, § 32, as amended by St. 1938, c. 136. In the Probate Court a divorce was granted to the husband for cruel and abusive treatment, and the wife's petition was dismissed.

The evidence is not reported. The judge made findings of fact. Although these were filed before a request for a report of the material facts was made under G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3, we interpret them as intended to be a voluntary report of all the material facts that entered into the decrees. The parties have so treated them. *Druker* v. *Druker*, 308 Mass. 229. *Chapin* v. *Ruby*, 321 Mass. 512. It follows that the decrees can stand only if upon those facts alone and such inferences as we may draw from them the decrees are correct in law. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562. *Turner* v. *Morson*, 316 Mass. 678, 680–681.

The findings bearing upon the issues are in substance these. The husband is eighty-eight years of age. He is clear in mind and memory. A "record of marriage" "shows" that the wife was forty-four years of age in 1933. (She must, therefore, have been about fifty-nine at the time the findings were made.) "I find that the libellee has scratched the libellant's face, and has thrown food at him, and that her conduct has put him in fear of her. He locks his bedroom door, and spends most of his time in his barn." At the hearing, the wife claimed that the husband was "a sex pervert, and that her trouble with him was caused by his desire for abnormal sexual relations." The

judge says, "I cannot find that he is a sex pervert or insisted upon any unnatural acts with the libellee." An agreement "was made as to support" for the wife, which the husband "has always kept."

The wife contends that the decree for divorce is erroneous for lack of necessary findings and that the case is governed by *Vergnani* v. *Vergnani*, 321 Mass. 703. The findings are certainly meager, but we think they go just enough farther than those in the *Vergnani* case so that we. cannot say that the decree was erroneous. The findings must be construed in the light of the obvious fact that they were intended to disclose the basis for a decree in favor of the husband. We think they mean that the wife has treated her aged husband in such a violent manner that he has been put in fear and remains in fear of personal injury at her hands, so that he locks his bedroom door and spends most of his time in his barn. His advanced age and the manner of his reaction to his wife's conduct would seem to make proper an inference that at least from his point of view his fears were not baseless. We cannot say that this conduct did not amount to "cruel and abusive treatment" within the meaning of G. L. (Ter. Ed.) c. 208, § 1. In *Rudnick* v. *Rudnick*, 288 Mass. 256, at page 257, this court said, "It is settled law in this Commonwealth that cruelty sufficient to support a libel for divorce may exist without blows and is proved if the acts charged create danger to the person or health. It is also defined as acts which tend to bodily harm and in that manner render cohabitation unsafe." On the same page it was said that a malevolent intent to cause injury to the body or health is not necessary, "it being sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely to follow the acts of the libellee." *Bailey* v. *Bailey*, 97 Mass. 373. *Steere* v. *Steere*, 265 Mass. 317. *Callan* v. *Callan*, 280 Mass. 37.

The only findings bearing upon the issues in the petition for separate maintenance are that the husband has not been guilty of the abuses claimed, and that he has always kept

an agreement to support the wife. It cannot be contended that these findings alone would warrant a decree for the wife on her petition for separate maintenance, even if there had been no decree for divorce in favor of the husband. *Vergnani* v. *Vergnani*, 321 Mass. 699.

In each case the entry will be

*Decree affirmed.*