Jennie M. Cesarone *vs.* Carmillo C. Cesarone.

Essex. April 10, 1952. — July 7, 1952.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Divorce*, Cruel and abusive treatment, Condonation. *Probate Court*, Appeal, Report of material facts.

A decree of divorce granted to a wife on the ground of cruel and abusive treatment was justified where it appeared that on various occasions over a period of several years before the parties' final separation the husband struck the wife and on one occasion threw a chair at her, and it could have been found that any condonation by her of ill treatment was on the condition of better treatment and was vitiated by a breach of the condition through his striking her at the time of the final separation.

No appeal lies from findings of material facts by a judge of a Probate Court.

No error was shown in the denial of a motion by an appellant from a decree of a Probate Court for an "additional report of material facts" where it did not appear that the original report did not contain all the material facts on which the decree was based.

Libel for divorce, filed in the Probate Court for the county of Essex on April 5, 1951.

The case was heard by *Phelan, J.*

*Joseph W. Jennings*, for the libellee.

*Edward H. J. Wilson*, for the libellant, was not called on.

Williams, J. A decree of divorce nisi for cruel and abusive treatment was entered for the libellant in the Probate Court for Essex County on October 9, 1951. Thereafter, on request by the libellee, the judge filed the following report of material facts. "The libellant and the libellee were married in Salem, April 25, 1943, and lived thereafter

in said Salem until the final separation in March, 1951. On a day in November, 1945, the libellant and the libellee quarreled and the libellee struck the libellant a number of times about the shoulders. On an occasion during the summer of 1946, the libellant threw a chair at the libellee. July 31, 1949, the libellee struck the libellant with his fists on her chest causing a swelling to appear. A short while thereafter the libellant brought a libel against the libellee, but on the libellee's promise that he would treat the libellant with consideration, a reconciliation was had in October, 1949, and the couple lived together until March 24, 1951. For some time prior to the separation the libellee had been conducting a cafeteria at Beverly and on March 24, 1951, the libellant visited the establishment and observed one of the customers kissing the libellee. An argument ensued as a result of this incident and there was considerable pushing on the part of each, the libellant, however, being the aggressor throughout this incident. Both parties left the cafeteria together with a neighbor and returned to the libellant's home, where an argument ensued because the libellant refused to turn over to the libellee the keys to his automobile. The libellee thereupon punched the libellant on the chest a number of times. The libellant thereafter left the house and went to the home of her sister, where she has since resided."

On November 8 the libellee requested a further report of material facts, and on November 23 the judge filed such report entitling it "Substituted Findings of Material Facts." The facts reported were the same as in the original report except that in the finding relating to the throwing of the chair "libellee" was substituted for "libellant." On December 5, 1951, the libellee filed a motion for "additional report of material facts," which motion was denied. On October 26 the libellee filed a claim of appeal from the decree of divorce. On December 5 he filed a claim of appeal from the decree, from the findings of material facts, and from the substituted findings of material facts. On December 24 he filed a claim of appeal from the decree, from the original

and substituted findings of material facts, and from the denial of his motion for additional findings.

There was no error in the decree. The facts reported by the judge were sufficient to support his conclusion that the libellee had been guilty of cruel and abusive treatment of his wife. See *Freeman* v. *Freeman,* 238 Mass. 150; *Curtiss* v. *Curtiss,* 243 Mass. 51; *Steere* v. *Steere,* 265 Mass. 317; *Rudnick* v. *Rudnick,* 288 Mass. 256; *Mooney* v. *Mooney,* 317 Mass. 433; *Reddington* v. *Reddington,* 317 Mass. 760. Compare *Vergnani* v. *Vergnani,* 321 Mass. 703; *Hamilton* v. *Hamilton,* 325 Mass. 278.

Condonation by her of prior ill treatment could have been found to have been conditioned on better treatment in the future and his conduct on March 24, 1951, after the reconciliation to have been a breach of the condition which vitiated the condonation. *Steere* v. *Steere,* 265 Mass. 317. *Callan* v. *Callan,* 280 Mass. 37, 43, and cases cited. If there was a material variance between the specifications filed by the libellant and her proof, as contended by the libellee, it does not appear from the record. The evidence is not reported and the findings of the judge conform substantially to the specifications.

The appeals from the findings of material facts have no standing. An appeal does not lie from such findings as they are not decrees either interlocutory or final. *Carilli* v. *Hersey,* 303 Mass. 82, 87. *Bolster* v. *Attorney General,* 306 Mass. 387, 388–389. *Vergnani* v. *Vergnani,* 321 Mass. 699, 701.

The appeal from the denial of the motion for additional findings of fact raises the issue of the adequacy of the findings which previously had been made. We assume that such appeal may be taken under G. L. (Ter. Ed.) c. 215, § 9, which provides that "A person aggrieved by an order, decree or denial of a probate court . . . may . . . appeal . . . to the supreme judicial court." See *Vergnani* v. *Vergnani,* 321 Mass. 699, 702; *Silke* v. *Silke,* 325 Mass. 487, 489.

The libellee was entitled on request to have the judge state his findings of the material facts on the basis of which

the decree was entered.  Such findings are in "the nature of an extension of the record in the form of a statement of facts in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for hearing on the appeal."  The report is regarded as a finding of all the material facts upon which his decision was founded.  *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214.  *Sidlow* v. *Gosselin*, 310 Mass. 395, 397.

There is nothing to indicate that the judge did not state all of the facts upon which he relied for his decree.  He was not required to state specific facts selected by the libellee or to recite the testimony of a particular witness.  *Fields* v. *Paraskis*, 318 Mass. 726, 728.  *Skerret* v. *Hartnett*, 322 Mass. 452, 454.

The denial of the motion for additional findings and the decree are affirmed.  Costs and expenses of appeal may be allowed to the libellant in the discretion of the Probate Court.

*So ordered.*