IRENE HORTENSIA ADAMS *vs.* WALDEN THOMAS ADAMS.

Essex. March 2, 1954. — April 8, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Divorce*, Cruel and abusive treatment. *Probate Court*, Report of material facts.

Cruel and abusive treatment of a wife by her husband was not shown by the mere fact that he called her by an offensive name on several occasions. [357]

Recitals of evidence have no proper place in a report of material facts by a judge of a Probate Court. [357–358]

A motion by an appellant from a decree of a Probate Court to "supplement or amend" a report of material facts by the judge was addressed to the judge's discretion. [358]

No abuse of discretion appeared on the record in the denial of a motion by the libellant in a divorce case in a Probate Court to "supplement or amend" a report of material facts by the judge wherein he stated his determination that the libellant had not sustained the burden of proving cruel and abusive treatment alleged as the ground for divorce. [358]

LIBEL for divorce, filed in the Probate Court for the county of Essex on May 14, 1953.

The case was heard by *Phelan*, J.

*Meyer Goldman*, (*Herbert L. Sostek* with him,) for the libellant.

No argument nor brief for the libellee.

WILLIAMS, J. This is a libel for divorce in which it is alleged that the libellee at "Georgetown and in other places in . . . Essex County on or about the 7th day of July A. D. 1952, and on other divers occasions was guilty of cruel and

abusive treatment towards" the libellant. A decree was entered on July 20, 1953, providing that "After hearing, it appearing to the court that the allegations of said libel are not sustained and that said divorce should not be granted, it is decreed that said libel be continued on the docket; that the said libellee, Walden Thomas Adams, be given the custody of Thomas Paul Adams, their minor child; and that said libellant be permitted to see and take said child at reasonable times, until the further order of the court."

On request by the libellant the judge, on September 10, 1953, filed the following report of material facts. "The libellant and the libellee were married July 26, 1947, in the Nazarene Church in Beverly in the county of Essex, and lived thereafter in Beverly, Salem and Georgetown in said county of Essex. The parties experienced trouble over religion, the libellee on a number of occasions called the libellant . . . [by an offensive name pertaining to her religion]. In September of 1948 the family moved to Georgetown. The libellee was earning between $75 and $100 a week, and adequately supported the family. The libellant opened a school for dancing in Georgetown and claimed to have had one hundred pupils within a short time. In September of 1951 the libellant left Georgetown and went to New York to secure employment, and came back in November, 1951. During this period the libellee visited the libellant in New York on two occasions. One Nancy Melbourn, who was a roommate of the libellant's while she was in New York, came to Georgetown and stayed with the family until January, 1952, at which time both the libellant and Nancy returned to New York. The libellant secured employment as a model, and worked in said New York until May of 1952 when she returned to Georgetown. The libellant complained that the libellee paid more attention to a motorcycle which he owned than he did to the libellant. Prior to her last return to Georgetown the libellee had rented their home and the libellant went to the home of a girl friend and lived in the dining room in said home. The libellant ordered the tenants in her house to vacate,

and as a result of this the libellant and libellee quarrelled, — the libellant claimed that on that occasion the libellee slapped, kicked and beat her. The libellant left Georgetown August 1, 1952, and has lived in New York up to the present time where she is working as a model and a secretary to a portrait artist, receiving therefor $100 each week. The libellant complained that since she went to New York she had received no support from the libellee, and further stated that she wanted to go back and live with the libellee and was not now nor never had been in fear of him. I find that the libellee had not been guilty of cruel and abusive treatment, as alleged, toward the libellant. From the time the libellant first left Georgetown the child of the marriage, born July 16, 1948, has been in the custody of the libellee. At the hearing the libellant stated that she was not now in a position to care for the child but had in mind taking the child sometime in the future."

On September 21, 1953, the judge denied a motion by the libellant to "supplement or amend" the report. The libellant appealed from the decree and from the denial of this motion. Thereafter, in relation to the preparation of the record on these appeals, the judge entered the following order.

"APPROVAL AND ORDER OF THE COURT

The matter designated by the appellant is hereby approved except for the 'Motion for Further Report of Material Facts' filed Sept. 21, 1953, of which only that portion that reads 'Dear Judge Phelan: In behalf of the libellant, I respectfully ask Your Honor to supplement or amend the Report of Material Facts —

Respectfully Yours,
Meyer H. Goldman

Copy to: David Burns, Esq.
    Attorney for the Libellee'
shall be printed.
    Dated this 23rd day of October, A.D. 1953."

From this order the libellant again appealed stating in her claim of appeal after quoting the above order: "And

whereby the court in its said order approved only the quoted portion of the appellant's 'Motion for Further Report of Material Facts,' and whereby said order withheld approval of the rest of said 'Motion for Further Report of Material Facts,' said motion in its entirety reading as follows: 'In behalf of the libellant, I respectfully ask Your Honor to supplement or amend the Report of Material Facts by adding the following on which there was evidence: 1) The libellant testified that prior to the occasion on which the libellee slapped, kicked and beat her, the libellee tried to run her down with his motorcycle. 2) Nancy Melbourne was a corroborating witness to the alleged act of cruel and abusive treatment. 3) During the time that Nancy Melbourne, the corroborating witness, lived with the libellant, as stated in the report of material facts, the libellee swore, displayed acts of violent temper, broke dishes, quarreled with and threatened the libellant. 4) On the occasion that the libellee slapped, kicked and beat the libellant, the libellant tried to commit suicide by jumping on the libellee's motorcycle and attempting to roll down an incline. 5) The libellant testified that she wanted to go back and live in the cottage in Georgetown because she was a part owner thereof and had contributed to its purchase and therefore felt that she had a right to live there without interference of any tenant to whom the libellee had rented the place, because the libellant did not want to live with her baby in the dining room of the home of a girl friend. 6) The libellant testified that the libellee urged her to go to New York to get a job.' And she hereby gives notice that she claims an appeal from so much of said decree or order to the Supreme Judicial Court as withheld approval of the omitted portion of appellant's designation as stated above."

It is plain that on the facts reported by the judge there was no error in the finding that the libellee had not been guilty of cruel and abusive treatment. The use of offensive language by the libellee without more did not require a contrary finding. *Sylvester* v. *Sylvester,* 330 Mass. 397.

The statements respecting the complaints and claims of

the libellant are not different from recitals of testimony and have no proper place in the report. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214. *Sidlow* v. *Gosselin,* 310 Mass. 395, 396–397. *Cesarone* v. *Cesarone,* 329 Mass. 217, 220. They are to be disregarded. *Skerrett* v. *Hartnett,* 322 Mass. 452, 454.

The question raised by the second appeal is whether as matter of law the judge should have amended or amplified his report. The motion to this effect was addressed to his sound judicial discretion and unless there was abuse of such discretion its denial cannot form the foundation of a review of his action by any other tribunal. He cannot be compelled to include in his report facts which in his own mind were given no weight by him in reaching his decision. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214–215, and cases cited.

This is not an instance where, affirmative relief having been granted, the legality of the decision depends on whether it is supported by the findings of material facts. In such case the losing party would be entitled to a clear statement of the material facts on which the decision rested. Here relief was denied. The judge determined that the libellant had not sustained the burden of proving conduct by the libellee which constituted cruel and abusive treatment. It is difficult to conceive what facts should have been reported as grounds for his negative finding. As the evidence is not reported, the only information afforded us by the record as to the issues raised at the trial is derived from the allegation in the libel, the statement in the report that the libellant complained the libellee on one occasion slapped, kicked and beat her, and the reference to alleged facts and testimony contained in that part of the libellant's motion the designation of which the judge refused to approve. If in fact evidence respecting these matters was presented, we think the general finding that the libellee had not been guilty of cruel and abusive treatment was adequate. The judge was not required to deal specifically with alleged facts selected by the appellant. *Fields* v. *Paraskis,* 318

Mass. 726, 728. There was no error in the denial of the libellant's motion to supplement or amend.

It is unnecessary to discuss the disapproval of the libellant's designation. We have dealt with the entire motion respecting designation as if it were included in the record.

*Decree affirmed.*