WILLIAM F. HOGAN's CASE. March 2, 1965. Decree affirmed. The single member, in findings adopted by the reviewing board, found that the employee sustained a personal injury resulting from his being pushed into a swimming pool in a playground where he was the supervisor, with consequent incapacity. The injury was found to have arisen out of and in the course of his employment "by way of aggravation of a pre-existing nervous condition." The board ordered payment to the employee for total incapacity and dependency compensation. The employer contests the findings on the ground that it was prejudiced by lack of adequate notice and that the employee did not sustain a personal injury. However, it did not exercise its right under G. L. c. 152, § 8, to procure a verbatim transcript of the evidence. Thus the findings of the single member are before us without the evidence, and we are unable to evaluate them. Certainly they are sufficient in themselves to support the decree of the Superior Court. *Turner* v. *Morson,* 316 Mass. 678, 681. *Vergnani* v. *Vergnani,* 321 Mass. 703. *Skerrett* v. *Hartnett,* 322 Mass. 452, 454. See *Brooks* v. *National Shawmut Bank,* 323 Mass. 677.

*John J. O'Connor,* Associate City Solicitor (*James L. Allen,* City Solicitor, with him), for the City of Springfield, self insurer.
*William C. Giles, Jr.* (*Matthew J. Ryan* with him) for the employee.


DONALD S. MYHR & another, trustees, *vs.* VASILO J. VLAHAKIS. March 3, 1965. Decree affirmed. The parties are owners of adjacent lands in Dracut. A master found that a "ditch" running through land of the plaintiffs and defendant "in existence prior to 1906," which was "fed by at least one spring and natural accumulation of waters" and was a "natural water course," backed up and overflowed in 1962. He also found that this condition was occasioned by the "inadequacy and manner of construction of the pipes placed in the ditch by the defendant in 1932 or 1933" and caused a seepage of water "into the cellars of five or six houses," resulting in damage to the plaintiffs. The defendant appealed from a final decree ordering her to remove forthwith from her land "any and all obstructions to the free and natural flow of water from the said land of the plaintiffs through and across the said land of the defendant by means of said watercourse" and enjoining her from obstructing the flowage of water from the plaintiffs' land. There was no error. The plaintiffs have the right of free flowage of the natural watercourse across their neighbor's, the defendant's, land. *McGowen* v. *Carr,* 272 Mass. 573, 576. See *Stimson* v. *Brookline,* 197 Mass. 568, 572, 573. That the plaintiffs effected some regrading of their land does not, as contended by the defendant, detract from their right to discharge water from their land even though by their action they may have increased the quantity of water in the watercourse. *Gannon* v. *Hargadon,* 10 Allen, 106, 109. *Duncan* v. *New England Power Co.* 250 Mass. 228, 233.

The case was submitted on briefs.
*Francis C. Zacharer* for the defendant.
*P. Harold Ready* for the plaintiffs.