EDGAR ARTHUR COLLIS *vs.* MADELENE GERTRUDE COLLIS.

Franklin.     October 10, 1968. — December 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, &
REARDON, JJ.

*Divorce*, Cruel and abusive treatment. *Probate Court*, Report of material facts.

Recitals of evidence were improperly included in a report of material facts by a judge of probate under G. L. c. 215, § 11, and were disregarded. [25]

A decree dismissing a husband's libel for divorce on the ground of cruel and abusive treatment was justified on the facts found by a judge of probate respecting an altercation between the parties of which the libellant was to a large extent the instigator and during which he received blows "administered" by the libellee, whose acts were not done "with a malicious intent or desire to harm or injure the libellant" but were "principally preventative in nature." [27]

LIBEL for divorce filed in the Probate Court for the county of Franklin on January 2, 1964.

The case was heard by *Tisdale*, J.

*Sebastian J. Ruggeri* for the libellant.

*David A. Berndt (Carl J. Antonellis, Jr.,* with him) for the libellee.

SPALDING, J. This is an appeal by the libellant from a decree dismissing his libel for divorce. The ground alleged in the libel was cruel and abusive treatment. The evidence is not reported but the judge at the request of the libellant made a report of the material facts found by him. A substantial portion of the report consists of recitals of the evidence. This was improper. Such recitals have no place in a report of material facts and will be disregarded. *Skerrett* v.

*Hartnett,* 322 Mass. 452, 454. We shall decide the case solely on the basis of the facts actually found by the judge. "A report of material facts under the statute must contain every fact necessary to support the decree, from the entry of which no fact not expressly found may be implied." *Carilli Constr. Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727. *Topor* v. *Topor,* 287 Mass. 473, 476.

The findings of the judge reveal the following: Since May, 1963, the libellant and his wife had been living apart. In December, 1963, he went to the house where his wife resided with their four children to take possession of an automobile owned by him which his wife had been using to transport herself and the children. The car at that time was stored in the garage, which was padlocked. "A typical husband and wife brawl ensued in front of the garage." Shortly thereafter it was "brought to an end by the timely arrival of the . . . police."

Upon his arrival at his wife's home the libellant "was in an angry mood" and this caused his wife to be "nervous . . . upset and . . . angry." The primary cause of the altercation in front of the garage, and without which it would not have occurred, was the acts, conduct and language directed to the wife and the children by the libellant. During the altercation the libellant "received a bloody nose" and probably "other blows." These were "largely, if not wholly, administered" by the wife but these acts were not done "with a malicious intent or desire to harm or injure the libellant." The libellant "was the aggressor and . . . the acts . of the . . . [wife], while physically violent, were principally preventative in nature."

The judge concluded that the libellant had not sustained the burden of proving cruel and abusive treatment; that although both had contributed to the altercation, the libellant was in no position to benefit from this inasmuch as he had "initiated a chain of events leading up to . . . [the] brawl"; and that the evidence did not justify a finding that the wife was "cruel and abusive to the libellant within the statutory meaning of those terms."

We are mindful that where a party proves a cause for divorce the granting or denial of a decree is not a matter of discretion. As this court said per Lummus, J. in *Reddington* v. *Reddington*, 317 Mass. 760, 764, after full discussion and exhaustive citation of authorities, "A divorce is not to be denied merely because the conduct of the libellant appears to the court to deserve censure. In the absence of some defence recognized by law, a libellant who proves a statutory cause for divorce is entitled to a decree, unless shown to have been guilty of a statutory cause for divorce on his or her own part." We recognize that a single act of cruelty may constitute sufficient ground for divorce. *Mooney* v. *Mooney*, 317 Mass. 433, 435. *Vergnani* v. *Vergnani*, 321 Mass. 703, 704. The findings of the judge, however, do not establish that the libellant has proved a cause for divorce. Rather they show an altercation of which the libellant was to a large extent the instigator. The acts of the wife were "not done with a malicious intent or desire to harm or injure the libellant"; they were "principally preventative in nature." In short, the judge's findings establish that the wife acted either in self-defence or under extreme provocation. See *Vergnani* v. *Vergnani*, 321 Mass. 703, 704; *Hamilton* v. *Hamilton*, 325 Mass. 278; *Souza* v. *Souza*, 332 Mass. 316. We are of opinion that the decree dismissing the libel was justified on the facts found by the judge.

*Decree affirmed.*