NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-715

TIFFANY DINOTA

vs.

LARRY DINOTA, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Tiffany DiNota (wife), appeals from a judgment of divorce nisi (judgment) entered by a judge of the Probate and Family Court. She contends that the judge erred in dividing the marital estate, awarding physical custody of the child to the defendant, Larry DiNota, Jr. (husband), and granting the husband a divorce on the grounds of cruel and abusive treatment.[1] We affirm.

---

[1] The wife claims that the judgment was obtained through fraud on the court perpetuated by the husband and his counsel during trial. She did not, however, file a motion for relief from judgment for reason of fraud, misconduct, or misrepresentation pursuant to Mass. R. Dom. Rel. P. 60(b)(3). We decline to consider this issue raised for the first time on appeal. See Picciotto v. Chief Justice of the Superior Ct., 446 Mass. 1015, 1016 n.2 (2006).

Background.  We summarize the relevant facts found by the judge, supplementing them with undisputed evidence in the record.  See Pierce v. Pierce, 455 Mass. 286, 288 (2009).  The parties were married on September 8, 2015, and had one child together.  They last lived together in the marital home on or around October 27, 2020.  The wife filed for divorce on February 24, 2021, and the husband filed a counterclaim for divorce on the grounds of cruel and abusive treatment.  The judge found that this was a short-term marriage.  The wife was employed full time throughout the marriage as an engineer, and her total gross weekly income was $2,791.49 per week or $145,157.48 per year.  The wife was primarily responsible for managing the household's finances and paying its bills, and the husband was financially dependent on her.  The husband had an associate's degree and was unemployed, having unsuccessfully sought employment in retail in 2017.  At the time of the trial, he had returned to school to earn his bachelor's degree.

The husband was the primary caregiver for the child after the wife returned to work following maternity leave and was responsible for maintaining the marital home.  After the parties separated, the husband continued as a caregiver promoting the child's development, including by playing with him, teaching him how to read and write, and encouraging him to develop social relationships.  The judge credited the husband's testimony that

2

the child has his "undivided attention" and is "the sole focus" of "everything that [he is] doing with [his] life."

Both parties were generally healthy, despite the husband having struggled with his mental health and sobriety in the past. The judge found these issues had no significant impact on his ability to work or care for the child. The husband was sober since December 26, 2017. While the husband's alcohol use was hard on the wife, she was not fully supportive of his sobriety; the judge credited the husband's testimony that the wife repeatedly told him that she "liked [him] better" when he was drinking.

Both parties regularly and heavily consumed cannabis; when the wife encouraged the husband to grow it in the marital home for themselves, the husband began to grow cannabis in the basement with the goal of starting a commercial cultivation operation with his brother. The enterprise failed, and he eventually stopped working towards it. The wife paid for the growing supplies, recommended new strains for the husband to grow, and consumed the home-grown cannabis herself, including before driving herself to work and while breastfeeding the child. The judge credited the husband's testimony that he no longer consumed cannabis at the time of the trial. The parties also used psychedelic drugs while attending music festivals.

The judge found that the parties abused one another during the marriage. Generally, the judge credited the husband's claims that the wife was verbally, physically, emotionally and financially abusive, as well as the wife's claims that the husband was verbally and physically abusive. The judge credited the wife's testimony that the husband's abuse of her increased as the marriage progressed, and is what ultimately led her to file for divorce and seek an abuse prevention order in October 2020.[2] The judge credited the husband's testimony that the wife began to physically abuse him shortly after the marriage began, and that she at times kicked him, knocked him down, and struck him. The judge also credited the husband's testimony that, in March 2019, the wife pushed him down and caused him to split his head on a coffee table, and that on another occasion in the summer 2020, the wife attacked him with a kitchen knife.

After a three-day bench trial, the judge issued a judgment of divorce nisi on May 15, 2024. The judge granted the wife a divorce on the grounds of irretrievable breakdown of the marriage, and the husband a divorce on the grounds of cruel and abusive treatment. As relevant here, the judgment provided that: the parties share legal custody of the child; the husband

---

[2] The wife moved to vacate the order after approximately twelve days.

4

was awarded physical custody of the child subject to parenting time with the wife; the wife was ordered to pay the husband $556 per week in child support;[3] neither party was ordered to pay spousal support to the other; and the wife was ordered to maintain and pay for the child's health, dental, and vision insurance, as well as the husband's, unless and until such insurance became available to him through employment. The parties were also ordered to equally share the cost of the routine out-of-pocket and uninsured medical, dental, and vision expenses for the child after the husband paid the first $250 of each year. The wife was awarded possession of the marital home if she refinanced the property and bought out the husband's interest in it. The parties were awarded ownership of their respective bank accounts. The husband was awarded fifty percent of the wife's retirement funds as of the first date of the trial. The wife was ordered to pay $1,357.50 for her share of debts against the husband's Amazon credit card.

The judge found that both parties made unilateral decisions with respect to the child's housing, health care, and education, without the consent of the other. The wife was found in contempt for vaccinating the child against COVID-19 without the

---

[3] The wife does not challenge the award of child support on appeal. See Mass. R. A. P. 16 (a) (9) (A).

5

husband's consent;[4] the husband was found in contempt for enrolling the child into a preschool program without the wife's consent.

Discussion. 1. Division of the marital estate. The wife argues that the judge erred in dividing the marital estate.[5] We disagree. "We review the judge's findings to determine whether she considered all the relevant factors under G. L. c. 208, § 34, and whether she relied on any irrelevant factors." Zaleski v. Zaleski, 469 Mass. 230, 245 (2014). "We then determine whether the reasons for [her] conclusions are 'apparent and flow rationally' from [her] findings and rulings.'" Baccanti v. Morton, 434 Mass. 787, 790 (2001), quoting Williams v. Massa, 431 Mass. 619, 631 (2000). "The weight to be accorded each of the § 34 factors in a particular case is committed to the judge." Early v. Early, 413 Mass. 720, 727 (1992), quoting Ross v. Ross, 385 Mass. 30, 37 (1982). "We will not reverse a judgment with respect to property division unless it is plainly wrong and excessive" (quotation and citation omitted). Zaleski, supra at 245. See Rice v. Rice,

---

[4] The wife does not challenge the finding of contempt on appeal. See Mass. R. A. P. 16 (a) (9) (A).

[5] The wife's arguments that the judge erred in excluding certain evidence of the husband's finances are unpreserved, see Mass. G. Evid. § 103(a) (2025), and we therefore decline to address them for the first time on appeal. See Abraham v. Woburn, 383 Mass. 724, 726 n.1 (1981).

372 Mass. 398, 401 (1977) (judge has broad discretion to equitably divide marital property).

Here, the judge considered all the statutory factors in dividing the marital estate. She found that the parties equally contributed to the marriage: the wife was the primary wage earner and the husband, who was and is the primary caretaker, was financially dependent on the wife.[6] Further, the wife does not allege that any of the judge's findings of fact are clearly erroneous.[7] See Adoption of Querida, 94 Mass. App. Ct. 771, 777 (2019) ("As it is within the purview of the judge to weigh the evidence, assess the credibility of witnesses, and, accordingly, make findings of fact, the judge's subsidiary findings will remain undisturbed unless shown to be clearly erroneous"). The judge thus did not err in dividing the marital estate.[8]

---

[6] The judge credited the wife's testimony that the husband's family made financial contributions to the marriage, including $50,000 for a down payment for the marital home and a $10,000 loan, but found there was insufficient evidence "with respect to any future inheritances or other windfalls" for the purposes of dividing the marital estate.

[7] To the extent that the wife argues that the judge erred in crediting the husband's testimony, credibility is "quintessentially the domain of the trial judge" in a bench trial, and the judge's "assessment is close to immune from reversal on appeal except on the most compelling of showings" (citation omitted). Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012). No such showing was made here.

[8] The wife argues that the husband wasted marital assets and failed to participate in discovery, thereby obfuscating the

7

2. _Physical custody_. The wife, disagreeing with the judge's weighing of the evidence, next argues that the judge erred in awarding physical custody of the child to the husband.[9] We are not persuaded. We review custody determinations for an abuse of discretion. See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "In custody matters, the touchstone inquiry [is] . . . what is 'best for the child.'" Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting Custody of Kali, 439 Mass. 834, 840 (2003). See G. L. c. 208, § 28. "The determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . 'must stand unless they are plainly wrong.'" Hunter, supra, quoting Custody of Kali, supra at 845. See Schechter, supra at 245 ("The judge's factual findings must be left undisturbed absent a showing that they are plainly wrong or clearly erroneous"). "[T]he judge's assessment of the weight of the evidence and the credibility of the witnesses is entitled to deference." Schechter, supra, quoting Custody of Two Minors,

_____

valuation of assets. Because neither issue was raised or argued in the Probate and Family Court, they are not properly before us, and we decline to address them for the first time on appeal. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

[9] The wife's argument that the judge incorrectly excluded evidence of the child's exposure to the husband's cannabis cultivation is unpreserved, see Mass. G. Evid. § 103(a) (2025), and we therefore decline to address it for the first time on appeal. See Abraham v. Woburn, 383 Mass. at 726 n.1.

396 Mass. 610, 618 (1986). "[The] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision." Schechter, supra, quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, there was no error in the judge's determination that the award of physical custody to the husband was in the child's best interests. As the child's primary caregiver, the husband was active in promoting the child's growth and development. By contrast, the evidence was that the mother's judgment with respect to the child's bests interests was questionable. This included her consumption of cannabis while breastfeeding and her unwillingness to sacrifice partying for the benefit of a pregnancy. The wife's "dissatisfaction with the judge's weighing of the evidence and [her] credibility determinations" is "no basis for disturbing the judge's view of the evidence." Adoption of Quentin, 424 Mass. 882, 886 n.3 (1997). There was no clear error in awarding physical custody of the child to the husband.

3. Cruel and abusive treatment. The wife claims that the judge erred in granting husband a divorce on the grounds of cruel and abusive treatment pursuant to G. L. c. 208, § 1, because the judge failed to consider evidence of past abuse as well as the totality of the circumstances of the relationship

9

between the parties.  Assuming without deciding that the judge was obligated to consider these two factors in awarding the divorce on these grounds, we disagree, as the judge made findings of fact with respect to occasions of abuse that occurred throughout the marriage -- of the husband by the wife, and of the wife by the husband -- and the history of the relationship between the wife and the husband, crediting and discrediting evidence from both parties.  Moreover, because evidence of even "a single act of cruelty may constitute sufficient ground for divorce" on the grounds of cruel and abusive treatment, Collis v. Collis, 355 Mass. 25, 27 (1968), the findings of abuse support the judgment.  See Mooney v. Mooney, 317 Mass. 433, 434-436 (1944) (husband's striking,

10

knocking down, and beating wife sufficient to grant divorce on grounds of cruel and abusive treatment).[10]

Judgment of divorce nisi affirmed.

By the Court (Blake, C.J., Henry & Hershfang, JJ.[11]),

*Paul Little*

Clerk

Entered: December 19, 2025.

---

[10] The parties' requests for attorney's fees are denied. See Mass. R. A. P. 16 (a) (10), as appearing in 481 Mass. 1628 (2019) (request for attorney's fees requires citation to authority in brief).

[11] The panelists are listed in order of seniority.