VIRGINIA ARMSTRONG *vs.* GEORGE R. ARMSTRONG.

Suffolk.    January 10, 1918. — March 5, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Marriage and Divorce.*

A libel by a wife for divorce alleged cruel and abusive treatment as the sole ground on which a divorce was sought. There was evidence that the libellee neglected his wife, was out many evenings and admitted to his wife that "he had been going . . . with a girl" and there was testimony tending to show his adultery. There was evidence that the libellee's conduct caused his wife mental suffering and that she worried and became sick so that her health was impaired substantially by reason of her husband's conduct, but there was no evidence that he did or said anything for the purpose of injuring her health. *Held,* that the libel must be dismissed, as a divorce for cruel and abusive treatment could not be granted on the facts disclosed.

LIBEL, filed in its substituted form on October 26, 1917, seeking a divorce on the sole ground of cruel and abusive treatment.

The case was heard by *Fox,* J. The evidence is described in the opinion. The judge, after taking the matter under advisement, filed the following memorandum of decision:

"I accept the testimony offered by the libellant and her physicians as true, but I do not find cruel and abusive treatment within the meaning of the statute, and the libellant rests upon this charge alone. Not only is there no evidence of physical violence, but there is no complaint of any unkind act or word in the presence of the libellant. During her sickness she lacked no attention except her husband's personal attention. She has shown simply that because of the alienation of his affections her feelings were outraged and her health impaired. The same evil results may well flow from the simple act of desertion, but we cannot by adding these elements cut short the statutory period."

The judge made an order that the libel be dismissed but "without prejudice to a libel for any other cause." By request of the parties the judge reported the case for determination by this court. If upon the evidence the judge would have been warranted in granting a divorce, his order was to be reversed and an order made granting a divorce; otherwise, the order was to stand.

*L. Withington,* for the libellant.

*W. F. Garcelon,* for the libellee, submitted the case without argument or brief.

CARROLL, J.    The libellant petitioned for a divorce, alleging cruel and abusive treatment.   She testified that she was married in 1910, that in 1916 her husband "stayed away from her longer than he had ever in four years and went out many evenings;" that when she spoke to him about this he said "he had been going . . . with a girl in Boston;" that she became unhappy, could not sleep, "had extreme attacks of vomiting;" that "she expostulated with him and told him of her suffering" and he said he could not give up the girl; that she was worried, became sick and has not completely recovered her health.   There was additional evidence of her physical condition, and that her health was injured by her husband's conduct; and also, testimony tending to show his adultery.

The judge found there was no evidence of physical violence, that during the libellant's sickness she lacked no attention "except her husband's personal attention," that her health was impaired "because of the alienation of his affections," and that her testimony and that of her witnesses was true.   He dismissed the libel and reported the case, his order to be reversed if upon the facts he was warranted in granting the divorce.

In dismissing the libel the judge was right.   On the ground alleged there was no evidence to warrant the granting of the petition.   The divorce was not sought because of the husband's adultery, and however cruel his conduct may have been — and although it may have seriously injured the libellant's health — the offense and his confession of it did not amount to cruel and abusive treatment within the divorce statute.   R. L. c. 152, § 1.

In *W*—— v. *W*——, 141 Mass. 495, it was held that the commission by the husband of a disgusting act in the presence of his wife, which injured her health, was not cruel and abusive treatment within the statute, in the absence of evidence that the act was done with the intention of injuring her.   "The words 'cruel and abusive treatment' seem to import on their face conduct directed toward the other party, and with a malevolent motive."   There was no evidence to support a finding that the acts of the husband were committed with such motive, and there was noth-

ing to indicate that the confession of his guilt and his other statements were made with the purpose of injuring his wife. Language may be so irritating and so frequently used as to permit the granting of a divorce because of cruel and abusive treatment when injury to health results from it, but where there is no such purpose — although the libellant's health was severely affected — a divorce cannot be granted on this ground. *Freeborn* v. *Freeborn,* 168 Mass. 50. A spouse may be guilty of drunkenness or other vices; his habits or disposition, his indifference, neglect, or desertion may cause mental worry and injury to his wife's health; but these acts standing by themselves are not enough to make out a case of cruel and abusive treatment. *Ring* v. *Ring,* 118 Ga. 183. For somewhat similar cases see *Bowen* v. *Bowen,* 179 Mich. 574; *Hancock* v. *Hancock,* 55 Fla. 680; *Huff* v. *Huff,* 73 West Va. 330.

Neither words nor acts which do not involve physical violence, inflicted on the other party, are sufficient to constitute cruel and abusive treatment within the meaning of the statute, unless it is shown that the language was uttered or these acts were committed with a malicious intent and for the purpose of injuring the libellant. As there was nothing to show such an intent and none can be inferred from the evidence, the judge could not grant the divorce and was fully warranted in dismissing the libel.

According to the terms of the report, the order dismissing the libel is to stand "without prejudice to a libel for any other cause."

*So ordered.*