SERAFINO SCANZO *vs.* ARTHUR E. MORANO & others.

Berkshire. September 19, 1933. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Gift. Savings Bank. Trust,* Resulting, Constructive.

A wife opened an account in a savings bank in her name and for about four years deposits were made therein from money earned by her husband, money earned and saved by her and money given to her by her son by a former marriage. Eighteen years after the opening of the account, the son, then of age and married, at the request of his mother went with her to the bank to have his name "put on the book." Under advice of an employee of the bank, the account was changed to an account in the wife's name as trustee for the son, the book was handed to the son, and he "gave it to" her "so she could get the interest." After the wife's death the husband by a suit in equity sought an adjudication that the deposit was charged with a trust in his favor. At the hearing of the suit, there was no evidence that the wife was guilty of fraud in not starting the account in the joint names of herself and of the plaintiff, and on the evidence the

judge was unable to find how much each of the three persons contributed to the account. A final decree was entered adjudging that the account belonged to the son and dismissing the bill. *Held*, that

(1) If the account in whole or in part was in the legal disposition of the wife, free from a claim of the plaintiff, a finding and ruling were warranted in the circumstances that a fully executed gift *inter vivos* was created when the wife handed the bank book, then standing in her name as trustee, to her son, even though he handed it back "so she could get the interest";

(2) The practical operation of the intention of the plaintiff applied to the account had the force of a gift by him to his wife, and the facts did not rebut the presumption that the money earned by the plaintiff was intended as a gift;

(3) If there was no gift by the plaintiff to his wife, the bill could not be maintained to establish a resulting trust in the plaintiff's favor, since the judge could not determine how much the plaintiff contributed to the fund;

(4) The bill could not be maintained to establish a constructive trust, since no fraud of the wife or of the son was shown.

BILL IN EQUITY, filed in the Superior Court on May 24, 1932, seeking an adjudication that a deposit in the City Savings Bank of Pittsfield, numbered 56081 and standing in the name of Maria A. Scanzo, Trustee for Arthur E. Morano, "be charged with a trust in favor of the plaintiff" and that the amounts on deposit there be paid to the plaintiff.

Answers were filed by Arthur E. Morano, by the bank, and by the executor of the will of Maria A. Scanzo, the executor also seeking as affirmative relief a decree that the deposit be transferred to him as executor.

The suit was heard by *W. A. Burns*, J. Material facts found by him are stated in the opinion. By his order a final decree was entered, adjudging that the deposit in the account numbered 56081 was the property of the defendant Arthur E. Morano; directing that the bill be dismissed with costs to be paid to the defendant Morano by the plaintiff, and costs allowed to the bank out of the fund in its hands; and that the cross claim of the executor be dismissed.

The plaintiff and the executor appealed.

*C. R. Alberti*, for the plaintiff.

*F. M. Myers*, for the defendant Morano.

No argument nor brief for the defendant Scanzo, executor.

PIERCE, J.   This bill of complaint seeks to establish a resulting or constructive trust in a savings bank account (number 56081) with the City Savings Bank of Pittsfield, Massachusetts.   The case is before this court on the appeals of the plaintiff and of the executor of the will of Maria A. Scanzo from the "Order for Decree" and from the "final decree as entered" dismissing the bill "as to all the defendants" and the cross bill of the executor "as against all parties."

The evidence is not reported.   The trial judge made findings of fact and rulings of law.   From these findings it appears that the plaintiff was the husband of Maria Antonio Scanzo who died April 13, 1932, and that the defendant Patrick Scanzo is executor of her will.   The maiden name of the wife of the plaintiff was Maria Antonio Trincilita. Her first husband was Nicola Morano by whom she had two sons, the defendant Arthur E. Morano and Alfred Morano. The plaintiff and Maria were married in New York in March, 1902.   They lived there four or five months, then lived in Coxsackie, New York, about two months and then came to Pittsfield, where they lived together until Maria's death in 1932.   The plaintiff worked as a mason's helper, gave the wages he earned to Maria, who paid the household expenses.   On July 31, 1905, a savings account (number 5348) was opened in the name of Maria Antonio Trincilita in the City Savings Bank of Pittsfield.   This account was opened with a deposit of $250 which was derived from the "joint earnings and savings of plaintiff and Maria and with some money earned by defendant Morano who was a member of the household."   The defendant Morano ".was eleven years old when he arrived in the United States, [he] went to school for about two years, working while attending school and giving earnings to his mother Maria.   He left school in 1899 or 1900 and since that time has had almost steady employment"; he "lived with plaintiff and Maria except when employed outside of Pittsfield, gave Maria money from time to time and particularly from 1900 up to 1910–1912 when he had savings accounts in his own name, contributed groceries occasionally, up to the time of

his marriage in 1922; as well as giving money to Maria."
By her marriage to the plaintiff Maria had two children.
"These children worked and earned money which was
turned over to Maria."

In 1907 the plaintiff and Maria "bought a house and
lot and all the money in the aforesaid account . . . then
amounting to $767.69 was drawn out and applied on pur-
chase price." This real estate was sold on August 4, 1923;
the proceeds from that sale started account number 109042
with the Berkshire County Savings Bank in the names of
Serafino Scanzo and Maria Antonio Scanzo. After the
death of Maria this account was closed, on April 18, 1932,
with deposits and interest then amounting to $2,484.57.
Stamped on said book appear the words "Payable to either
or survivor of either."

The account number 5348 was not closed, and in October,
1907, a deposit of $150 was made, presumably by Maria.
Thereafter deposits were made between February 17, 1908,
and October 23, 1909, of sums totalling $769.48. October
23, 1909, was the last date on which a deposit was made in
this account, which then "amounted to $946.24." There-
after withdrawals were made in March and June, 1915, to
the amount of $147, leaving a balance on June 1, 1915, of
$1,020.04 which, with the accumulated dividends, amounted
to $1,434.83 on May 24, 1923.

On the last named date the defendant Morano, at his
mother's request, went to the City Savings Bank with her
"to have your (Morano's) name put on the book." "An
employee of the bank suggested a trustee account and
accordingly a new book was made out in the name of Mrs.
Maria A. Scanzo Trustee for Arthur E. Morano and the then
balance of $1,434.83 was entered on said book . . . . No
deposits or withdrawals have since been made and on Jan-
uary 10, 1931, the account amounted to $2,063.22 which
with its accumulated dividends since that date is now
claimed by plaintiff and by the executor of the will of said
Maria." This trustee account bore the number 56081.
"When the account was placed in the name of Maria A.
Scanzo, Trustee for Arthur E. Morano (defendant) the bank

book was handed to him [Morano] and he 'gave it to . . .
[his] mother so she could get the interest.' In 1929 Maria
told defendant Morano she would give him the bank book
if he wanted it."

In July, 1931, wills were drawn by the plaintiff and Maria.
Maria showed five bank books, "and when asked as to a
sixth book (meaning City Savings Bank book number
56081, the account on which this action is based) said the
book 'had same name as the rest.'" These five accounts
may be scheduled as follows: (1) City Savings Bank num-
ber 19259 opened June 15, 1912, in the name of the plain-
tiff, described therein as "Serafino Scalzo"; (2) Pittsfield
National Bank savings department number 1844, opened
June 15, 1920, in the names of "Serafino Scanzo and *Maria-
tonia* Scanzo"; this account on May 20, 1922, amounted to
$362.60 and this amount was withdrawn on that date but
the account was not closed; a deposit of $100 was made Jan-
uary 16, 1923, and the deposits and accumulated dividends
amounted to $2,682.64 on April 18, 1932, on which date
the account was closed, five days after the death of
Maria; (3) Pittsfield National Bank savings department
number 11392 opened August 6, 1927, in the names of
"Serafino Scanzo or — *Mariatonia* Scanzo" with a deposit
of $400; interest amounting to $23.44 was withdrawn
August 7, 1929, and $210 was withdrawn October 5, 1931;
the balance, with accumulated interest, was withdrawn and
the account closed on April 18, 1932, five days after the
death of Maria; (4) Berkshire County Savings Bank num-
ber 109042, opened August 6, 1923, in the names of "Serafino
and Maria Antonia Scanzo," and closed after the death of
Maria on April 18, 1932; the words "Payable to either or
survivor of either" were stamped on the savings bank
book; and (5) Berkshire County Savings Bank number
67647 opened in the name of "Serafino Scalso payable to
wife Marie A."; this account was closed April 18, 1932,
with deposits and interest then amounting to $2,394.52.
Besides the "sixth book," the account on which this action
is based, there was another account with the Berkshire
County Savings Bank number 81651 opened May 16, 1914,

in the names of Mary Scanzo, Serafino Scanzo trustees for their daughter Marie A. Scanzo. This account was closed October 31, 1918, by an order payable to Agricultural National Bank signed "Marie Scanzo now Mrs. Marie C. D'Angelo." The judge further found that the "Plaintiff is unable to read or write in either English or Italian or to sign his name."

"From the facts heretofore found and the inferences drawn" the trial judge found and ruled that the money in the account in dispute, viz., City Savings Bank of Pittsfield number 56081, which account was originally number 5348, amounting to $2,063.22 on January 10, 1931, came from earnings of the plaintiff and earnings and savings of his wife Maria, and money handed her from time to time up to 1910 by the defendant Morano; that the defendant Morano gave money to his mother after 1910 but that the same was not deposited in this account. He states: "There is no evidence on which I can find how much each contributed. I find that plaintiff 'believed' or 'supposed' this account to be in the names of himself and his wife Maria" and that the plaintiff was "satisfied to have it that she could draw as well as I [the plaintiff] could draw." The trial judge also found "There is no evidence from which I find fraud on her [Maria's] part in not starting the account in their joint names"; "that she was constantly enjoining all her children to work and save and turn the money over to her and that all did so, and that she said she would put it in the bank for them." The judge rightly denied the plaintiff's requests as inconsistent with the facts found.

The defendant executor presents no brief nor oral argument in support of his counter claim that "the deposit in trust for Arthur E. Morano . . . was void as an incompleted gift . . . or as a testamentary disposition in violation of the statute of wills." The trial judge ruled "that there was a completed gift to the defendant Morano of the deposit in suit, and that there had been no violation of the statute of wills." The plaintiff properly contends that "The court nowhere finds that the defendant Morano is entitled to the deposit or any portion of it by virtue of it being charged with

any trust in his favor, but merely on the ground of . . . 'a completed gift' by Maria to Morano" and therefrom draws the logical conclusion that whether or not the defendant Morano is entitled to any portion of this deposit would depend on whether the gift was completed and whether Maria could make the gift or any portion of it. Assuming the deposit in whole or in part was in the legal disposition of Maria, free from any claim of the plaintiff, it is plain the judge was warranted in finding as a fact and in ruling as matter of law that a fully executed gift *inter vivos* was created when Maria handed the savings bank book to Morano even though Morano handed the book back "so she could get the interest." *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159, 161. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 313. *Wilson* v. *Jones,* 280 Mass. 488, 495.

The more important question is what interest had Maria in the savings bank account number 56081 when that account became a trust account for the benefit of the defendant Morano. On the facts found all the money deposited by Maria in the City Savings Bank in 1905 in her maiden name was withdrawn, in 1907, and invested in real estate which, in turn, was sold, in 1923, and the proceeds deposited in the Berkshire County Savings Bank in the names of Serafino and Maria Antonio Scanzo, where it remained until after the death of Maria and was then withdrawn by the plaintiff in his capacity of survivor. This account (number 56081, formerly number 5348) was not closed with the withdrawal but a deposit was made in October, 1907, and at different times until October 23, 1909. These deposits came from earnings of the plaintiff, earnings and savings of his wife and money handed to her from time to time up to 1910 by the defendant Morano. In 1907, Morano was twenty or twenty-one years of age. He was married in 1922. The judge could not determine how much each contributed. The practical operation of the intention of the plaintiff applied to this particular account would have the force of a gift, and the facts do not rebut the presumption that the money earned by the plaintiff was intended as a gift.

*Springfield Institution for Savings* v. *Copeland,* 160 Mass. 380, 383. If there was no gift the bill of complaint to establish a resulting or constructive trust in the deposit in the City Savings Bank would have to be dismissed because, as a resulting trust, there is no determination of the interest of the plaintiff in the deposited fund and no fraud to establish a constructive trust in that fund. *Kennerson* v. *Nash,* 208 Mass. 393, 398. *Druker* v. *Druker,* 268 Mass. 334. *Daniels* v. *Daniels,* 240 Mass. 380, 385. *Pollock* v. *Pollock,* 223 Mass. 382. See *O'Brien* v. *O'Brien,* 256 Mass, 308, 310.

*Decrees affirmed with costs.*