## Adeline F. Rudnick *vs.* Louis Rudnick.

Hampden.    September 19, 1934. — October 26, 1934.

Present: Rugg, C.J., Crosby, Pierce, Field, & Lummus, JJ.

*Marriage and Divorce.*

A finding of cruel and abusive treatment justifying the granting of a decree of divorce on the libel of a wife is warranted by evidence of unreasonable exercise by the husband of his marital rights of sexual intercourse, made possible by the involuntary submission of the wife and endangering her health, even though the submission be procured without threat or violence.

To establish cruel and abusive treatment of a wife sufficient to justify the granting of a divorce on her libel, it is not necessary to prove that the libellee had a malevolent intent to cause physical injury to the body or to the health of the libellant; it is sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely to follow his acts.

Libel for divorce, filed in the Probate Court for the county of Hampden on February 14, 1933.

The libel was heard by *Denison,* J., and a decree *nisi* was entered. The libellee appealed.

*C. H. Wright,* for the libellee.

*I. Gelin,* for the libellant, submitted a brief.

Pierce, J.   This is an appeal from a decree *nisi* entered on May 9, 1934, by the Probate Court, granting the libellant a divorce from the libellee on the ground of cruel and abusive treatment. The answer of the libellee admits that he was married to the libellant on November 15, 1927, and that they lived as husband and wife in Holyoke, Massachusetts, denies that he committed any acts of cruel and abusive treatment on or about January 7, 1930, or at any time, and, further answering, says that without justifiable cause the libellant deserted the libellee on or about December 25, 1929. The answer does not contain a plea of condonation.

At the close of the evidence at the trial in the Probate Court, the libellee moved to dismiss the libel, and requested

a ruling that "Upon all the evidence in the case the libel must be dismissed because said evidence, as matter of law, shows no grounds upon which the libellant should have a divorce." On May 9, 1934, after hearing, the Probate Court entered the decree *nisi*, and on the same date the libellee appealed from this decree to this court.

It is settled law in this Commonwealth that cruelty sufficient to support a libel for divorce may exist without blows and is proved if the acts charged create danger to the person or health. It is also defined as acts which tend to bodily harm and in that manner render cohabitation unsafe. It may also consist of angry, coarse and abusive language constantly used to a delicate woman, or the unreasonable exercise of marital rights of sexual intercourse made possible by the involuntary submission of the wife, even though the submission be procured without threat or violence. See *Bailey* v. *Bailey*, 97 Mass. 373, and cases cited at page 379. See also *Hines* v. *Hines*, 192 Iowa, 569; *Melvin* v. *Melvin*, 58 N. H. 569, 571; *Hildebrand* v. *Hildebrand*, 41 Okla. 306. To establish cruel and abusive treatment it is not necessary to prove that the libellee had a malevolent intent to cause physical injury to the body or to the health of the libellant, it being sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely to follow the acts of the libellee. *Curtiss* v. *Curtiss*, 243 Mass. 51. *Linell* v. *Linell*, 249 Mass. 51, 55. The evidence did not establish condonation. The return of the libellant was upon the implied condition that the demands of the libellee should be reasonable and with due regard to the wishes of the libellant and to her health. This condition was disregarded by the libellee with an insistence on the prior unreasonable demands. The libellant had at all times the right to protect her health and life from the ungoverned lust of her husband by seeking a divorce. The facts of the record clearly establish the wrong of the husband and the danger to the health of the libellant. The decree of the Probate Court is

*Affirmed.*