JAMES S. BROWN *vs.* MILDRED E. BROWN.

Berkshire.    September 21, 1948. — October 29, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Marriage and Divorce,* Cruel and abusive treatment.

A decree granting to a husband a divorce for cruel and abusive treatment was required where it was established that, for a period of about two years beginning soon after the parties' marriage, the libellee, over forty years of age, frequently was in the company of her father, about seventy years of age, and, against constant protests of the libellant, encouraged lewd and sensual conduct by her father toward her, and that because of such conduct the libellant became emotionally upset and lost considerable weight.

LIBEL for divorce, filed in the Probate Court for the county of Berkshire on December 12, 1947.

The case was heard by *Hanlon,* J.

*L. G. Reder,* for the libellant.

No argument nor brief for the libellee.

---

RONAN, J. This is an appeal by the libellant from a decree dismissing a libel for divorce for cruel and abusive treatment.

The evidence is not reported but we have a report of all the material facts found by the judge. These findings of fact, as to both the ultimate findings and the subsidiary findings, must be taken to be true as the latter do not appear to be inconsistent with the former, and the question is whether the facts reported, together with such inferences as may be properly drawn from them by this court, should in law require a decree different from that which was entered in the Probate Court. *Quigley* v. *Quigley*, 310 Mass. 415, 416. *Mooney* v. *Mooney*, 317 Mass. 433, 434. *Vergnani* v. *Vergnani*, 321 Mass. 699, 702.

The libellee was forty-two years of age when she was married on August 28, 1945, and had up to that time lived at home with her parents and a sister. Her father was then about seventy years old. After the marriage the parties established and lived in their own home where she was frequently visited by her father. The libellant noticed soon after the marriage that a strong bond of affection existed between the libellee and her father. She insisted upon visiting her father two or three times a week although the libellant objected to her doing so. The libellee and her father were accustomed to sit together, to hold hands, to fondle one another, and to embrace each other in a manner utterly inconsistent with the bonds of affection and love naturally existing between parent and child. The father was seen on more than one occasion to have his hands under her dress. His conduct was lewd and sensual. She encouraged his advances and sought his company. When the libellant requested her to refrain from such conduct, which bothered him greatly, she told him to "think nothing of it" and denied that there was anything improper between her father and herself. The father when questioned by the libellant also denied any wrongdoing. Their conduct continued without interruption, notwithstanding the frequent protests of the libellant, until she returned to her parents' home in October, 1947, where she has since resided. The libellant

because of this conduct became emotionally upset and lost considerable weight.

There is no evidence that any personal violence was inflicted upon the libellant. Cruel and abusive treatment as a ground for divorce has frequently been sustained by proof that blows were struck by one spouse upon the other or that the circumstances were such that the complaining party entertained a reasonable apprehension that violence would be visited upon him; yet evidence of such violence or apprehension is not necessarily required to establish this statutory ground for a divorce. In defining this cause for a divorce, it was said that it must "appear to be, at least, such cruelty as shall cause injury to life, limb or health, or create a danger of such injury, or a reasonable apprehension of such danger upon the parties continuing to live together. This is broad enough to include mere words, if they create a reasonable apprehension of personal violence, or tend to wound the feelings to such a degree as to affect the health of the party, or create a reasonable apprehension that it may be affected." *Bailey* v. *Bailey*, 97 Mass. 373, 380, 381. Where the acts and words of one spouse cause a serious impairment to the health of the other and they are done or spoken with an intent to cause such injury, a divorce for cruel and abusive treatment ought to be granted. *Freeborn* v. *Freeborn*, 168 Mass. 50, 52. *Armstrong* v. *Armstrong*, 229 Mass. 592. *Curtiss* v. *Curtiss*, 243 Mass. 51. It is a reasonable inference from the facts reported that the libelee's persistence in her wrongful conduct over the protests of her husband caused injury to him to the extent already described as a natural consequence of her deliberate and persistent misconduct. *Rudnick* v. *Rudnick*, 288 Mass. 256, 257.

Upon the facts reported the libellant has established a case of cruel and abusive treatment and is as matter of law entitled to a decree for divorce. *Waterhouse* v. *Waterhouse*, 225 Mass. 228. *Reddington* v. *Reddington*, 317 Mass. 760. The decree entered in the Probate Court is reversed and a decree is to be entered granting a divorce for cruel and abusive treatment.

*So ordered.*