GILBERT H. BOWMAN *vs.* CASEMIRA M. BOWMAN. December 1, 1949. Decree affirmed. From a decree of the Probate Court dismissing his libel for a decree of nullity of his marriage to the libellee on the ground that the libellee, at the time of their marriage, was insane or incapable of marrying by reason of G. L. (Ter. Ed.) c. 207, § 5, and on the further ground that the libellee fraudulently withheld from the libellant the state of her mental health and fraudulently represented to the libellant that she was capable of marrying contrary to the provisions of said statute, the libellant appeals. The judge made an extensive report of the material facts and stated, (1) "I find that at the time when Gilbert H. Bowman and Casemira M. Bowman or Rychlinski entered into the marriage ceremony of January 30, 1937, the libellee was not insane," and (2) "Upon the evidence I cannot find that there was any fraud on the part of Mrs. Bowman which can at this time be availed of to annul this marriage." The report of material facts by the judge amply supports the foregoing findings. *Burke* v. *Burke*, 270 Mass. 449, 454. *Rudnick* v.

---

[1] The companion suit was WALTER A. BRIGGS *vs.* HULDA A. LARSON.

*Rudnick,* 288 Mass. 256, 257. *Bradford* v. *Bradford,* 296 Mass. 187, 189–190. There was no error.

The case was submitted on briefs.

*W. B. Perry, Jr.,* for the libellant.

*M. A. Goldberg,* for the libellee.