MARY TENCZAR *vs.* JOHN TENCZAR.

Bristol.    October 26, 1954. — December 28, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trust*, What constitutes.  *Husband and Wife*, Bank account.  *Probate Court*, Report of material facts, Appeal.  *Equity Pleading and Practice*, Report of material facts, Appeal.

Upon an appeal from a decree of a Probate Court in a proceeding in equity, with a report under G. L. (Ter. Ed.) c. 215, § 11, as amended, of material facts found, there can be no implication of further findings, and in the absence of a report of the evidence the case must be decided on the facts found together with any proper inferences therefrom.  [106]

The mere facts that a bank account in a husband's name "was accumulated by the joint efforts of" him and his wife and that she contributed thereto did not establish any trust in her favor nor support a claim by her to one half of the account.  [106–107]

PETITION in equity, filed in the Probate Court for the county of Bristol on December 18, 1953.

The case was heard by *Considine*, J.

*John F. O'Donoghue*, (*H. William Radovsky* with him,) for the respondent.

*John J. Harrington*, for the petitioner, submitted a brief.

WILKINS, J.  The petitioner is the respondent's wife.  By this petition she asks that a "specific account" which had been in the husband's name in Fall River National Bank should "be declared to have been the result of the joint efforts of the parties and should be shared equally by them." The decree declared that the money in the account "was owned" by them "as tenants in common," and ordered the respondent, who before the date of the petition had closed the account by withdrawing $4,145.48, "to deliver" to the petitioner "the sum of $2,072.74, which is one half of the money so jointly accumulated by them."  The respondent appealed.  The evidence is not reported.  Upon request, the judge made a report of the material facts found by him.

G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3. This report under the statute must be taken to contain all the material facts upon which he based his decision, and there is no room for the implication of further findings. *Sidlow* v. *Gosselin*, 310 Mass. 395, 397. We have to decide the case on just those facts including any inferences we may properly draw from them. *Vergnani* v. *Vergnani*, 321 Mass. 699, 702. *Brown* v. *Brown*, 323 Mass. 332, 333.

The findings are meager. The parties were married in 1941. On June 19, 1953, the Probate Court for Bristol County entered a decree that the husband was living apart from his wife for justifiable cause. A decree in equity at that time ordered an equal division between them of an account in Fall River Savings Bank.[1] The account in Fall River National Bank, which is the subject of the present petition, was opened by the husband in his own name in March, 1945, and closed in September, 1952, when the balance was $4,145.48.[2] The wife and the husband were both employed during their marriage. Their salaries were "turned over" to the wife, who paid household expenses. The balance was divided and deposited in the two accounts. The account in Fall River National Bank "was accumulated by the joint efforts of the petitioner and respondent, and the said account was owned by the petitioner and the respondent as tenants in common, and should be equally distributed between them."

The mere fact that the wife contributed to an account in the husband's name did not give rise to a trust. "It was held in *English* v. *English*, 229 Mass. 11, 12–13, that when either husband or wife pays money or transfers property to the other, there is no presumption that it is received in trust. If a trust is alleged to exist, it must be proved. 'In

[1] It is alleged in the petition and admitted in the answer that that account, upon which the balance was $3,901.25, was in the wife's name as trustee for Wladystaf Chmura. It is also alleged in the petition and admitted in the answer that a balance of $3,008.75 on deposit in Fall River National Bank, Book No. 31,331, in the wife's name was the property of the wife. That was not the account in Fall River National Bank which is the subject of the present petition.

[2] The exact nature of the account, whether savings or commercial, does not appear.

the absence of such proof, it must be deemed that the money, property or conveyance was received with the intention that it be applied to the use and benefit of either or both at the discretion of the recipient.'" *Hogan* v. *Hogan*, 286 Mass. 524, 526. *Russell* v. *Meyers*, 316 Mass. 669, 673. See *Cram* v. *Cram*, 262 Mass. 509, 513. If the wife had contributed to the purchase price of real estate title to which was taken in the husband's name, before there could be a resulting trust in her favor she would have had to show that she paid a clearly defined sum of money for the whole or an exact part of the property. *Druker* v. *Druker*, 308 Mass. 229, 230–231. *MacNeil* v. *MacNeil*, 312 Mass. 183, 187. *Bodman* v. *Martha's Vineyard National Bank*, 330 Mass. 125, 129. The same principle applies to personal property. *Druker* v. *Druker*, 268 Mass. 334, 340–341. *Scanzo* v. *Morano*, 284 Mass. 188, 195. *Moat* v. *Moat*, 301 Mass. 469, 472–473.

The equal division of the other account on grounds not disclosed has no present materiality.

*Decree reversed.*

*Petition dismissed.*