ALBERT J. ABRAIN, administrator, *vs.* JULIANA C.
PEREIRA & another.

Bristol.    October 30, 1957. — December 4, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Assignment. Executor and Administrator*, Distributive share. *Probate
Court*, Appeal, Rehearing.

Upon an appeal from a decree of a Probate Court in a proceeding in
   which there was a report of material facts but no report of the evi-
   dence, the only question presented was whether the decree entered
   was supported by the facts reported or established by the pleadings.
   [461].
An instrument under seal releasing "any and all interests" of the signer
   "as an heir at law" of his intestate brother in a bank account standing
   in the intestate's name as trustee for his and the signer's sister and
   assigning such interests to the sister became irrevocable upon its de-
   livery to the attorney for the administrator of the intestate's estate
   in the absence of anything to show a right of the signer to rescind or
   reform the instrument or that it was obtained by fraud, and it cov-
   ered his interest in a portion of the bank account subsequently ordered
   to be paid to the estate of the intestate in compromise of a suit by the
   administrator to recover the bank account.  [462]
Because a Probate Court found in a proceeding that the heirs of an in-
   testate who died leaving no widow or children were "divided into three
   family groups" but the record disclosed no explanation for a decree
   distributing assets of the intestate's estate among only two of the
   groups, the decree was reversed solely to permit any necessary deter-
   mination of the proper distribution of one third of the assets and for a
   new decree accordingly.  [462–463]

PETITION for instructions, filed in the Probate Court for
the county of Bristol on February 17, 1956.

The case was heard by *Considine*, J.

In this court the case was submitted on briefs.

*John B. Nunes*, for the respondent John C. Perry.

*Alfred J. Gomes*, for the respondent Juliana C. Pereira.

CUTTER, J. This is a petition by the administrator of the
estate of Benjamin C. Pereira (hereinafter called the dece-

dent) for instructions with respect to the proper distribution of a fund of $3,282. This fund was obtained (under a decree dated September 20, 1955), as an asset of the decedent's estate, by compromise of a suit in equity brought by the administrator, after his appointment, to recover for the estate a savings bank account which stood at the decedent's death in the name of the decedent as trustee for his sister Juliana C. Pereira. The decedent died intestate leaving no widow or children. Juliana Pereira and the decedent's brother, John C. Perry, were among his heirs.

On August 31, 1955, John C. Perry appeared with friends at the office of the administrator's attorney "and expressed a desire to release all of his interest in the . . . bank account." The attorney "prepared a release and assignments of . . . Mr. Perry's interest in . . . [the] account and had him sign it in the presence of a witness." The document (attached to the petition and admitted, or not denied, in the answers) was under seal, released the administrator from all interests in the bank account which Perry might have, and assigned these interests to his sister Juliana. Perry's attorney thereafter informed the administrator's attorney that Perry "was confused and wishes to revoke the release." The judge found that the release "was in full force and effect," and that by it Perry "waived any claim he had in the bank account."

The foregoing material facts were reported by the probate judge in accordance with G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3. The decree instructed the administrator to pay the fund to Juliana in accordance with the release and assignment. Perry appealed.

1. Since the evidence is not reported, this appeal must be decided solely upon the facts reported by the probate judge (or established by the pleadings, see *Knapp* v. *Meehan,* 287 Mass. 573, 575) together with any inferences which this court may draw from those facts. *Vergnani* v. *Vergnani,* 321 Mass. 699, 702. *Tenczar* v. *Tenczar,* 332 Mass. 105, 106. The "only question presented for our determination is whether the decree entered is supported by" these facts,

*Sidlow* v. *Gosselin*, 310 Mass. 395, 397. *Briggs* v. *Briggs*, 319 Mass. 149, 150.

2. The release and assignment was under seal. It manifested an intention to transfer Perry's interest in the account to his sister. Even if without actual consideration, it became irrevocable upon its delivery to the administrator's attorney, who, we infer, received it for the estate and the assignee, Juliana. See *O'Gasapian* v. *Danielson*, 284 Mass. 27, 31–32; *Geffen* v. *Paletz*, 312 Mass. 48, 52; Restatement: Contracts, § 158 (1), (2); Williston, Contracts (Rev. ed.) §§ 217, 438A–440, especially at page 1280. See also *Sloan* v. *Breeden*, 233 Mass. 418, 419. Compare *Abbruzise* v. *Sposata*, 306 Mass. 151, 153. No subsidiary facts found appear to be inconsistent with the probate judge's ultimate findings (see *Colby* v. *Callahan*, 311 Mass. 727, 729) and no such facts would give any basis whatsoever for the conclusion that there was any mutual mistake of fact or of law which would support rescission or reformation of the release or that it was obtained by fraud. The release and assignment having been executed by Perry, he "had the burden of proving . . . facts showing his right to rescind it." *Barletta* v. *New York, New Haven & Hartford Railroad*, 297 Mass. 275, 278. *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262, 266.

It is immaterial that the release was given on August 31, 1955, before the decree authorizing the payment of $3,282 from the bank account to the estate in compromise of its claim. The release in terms was broad enough to apply to "any and all interests" of Perry "as an heir at law . . . represented by" the bank account and clearly covered Perry's interest in the portion of the proceeds of the account subsequently paid to the estate.

3. Although the material facts found by the probate judge support the decree so far as it in effect establishes that Perry (a) had transferred all his interest in the bank account to his sister, and (b) by the release "waived" all his interest in the bank account, there remains one aspect of the decree which is not explained in the record and which may require some modification of the decree. The probate

judge found that the decedent's heirs were "divided into three family groups." Juliana Pereira and Perry account for only two of these groups, yet the decree below orders the whole fund to be paid to Juliana, who is one of the next of kin of the decedent and is also assignee of Perry's share. Perhaps the holder of the other one-third interest has also transferred his or her share to Juliana but, if so, this is not apparent on the record. If the decree is in error we are not (on the basis of the probate judge's findings) in a position to determine what, if any, modification of the decree is necessary. If the decree is in error in this respect it must be modified and corrected in the Probate Court to provide for a proper disposition of one third of the fund. Solely to permit such correction, if necessary, the decree is reversed. See *Frank* v. *Frank*, 335 Mass. 130, 136–137, *Carey* v. *Planning Board of Revere*, 335 Mass. 740, 745. If no such correction of the decree is necessary, distribution of the fund is to be made in accordance with a new decree embodying the substance of the decree as it now stands. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*