MILTON REED *vs.* ZULMIRA REED.

Bristol.    December 10, 1959. — February 2, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Divorce,* Cruel and abusive treatment.    *Probate Court,* Report of material
facts, Appeal.

Upon an appeal from a decree of a Probate Court with a report of ma-
terial facts but no report of the evidence, no further finding can be
implied and the question presented is whether the decree is supported
by the facts reported together with any proper inferences therefrom.
[322]

A decree of divorce against a wife on the ground of cruel and abusive
treatment was supported by the facts that she persisted in keeping
company with another man despite her husband's remonstrances, with
the result that the husband's health deteriorated and he lost weight, and
that she finally left his home and went to live at the other man's home,
though claiming to be merely a housekeeper there.    [322–323]

LIBEL for divorce, filed in the Probate Court for the
county of Bristol on February 26, 1959.

The case was heard by *Considine,* J.

*George M. Thomas,* for the libellee.

No argument nor brief for the libellant.

WILKINS, C.J.    The libellee has appealed from a decree
nisi for divorce on the ground of cruel and abusive treat-
ment.    The evidence is not reported.    At the request of the
libellee the judge made a report of the material facts found
by him (G. L. c. 215, § 11, as amended through St. 1947,
c. 365, § 3), which in its entirety is as follows: "The libel-
lant married the libellee on September 2, 1939, in New Bed-
ford.    On September 8, 1956, the libellee left the home as
there had been many serious arguments over her companion-
ship with another man.    She refused to cease keeping com-
pany with this man, and the libellant's health was affected,
and he lost weight.    The libellee is now occupying the same

home with this man, but insists she is merely his housekeeper. The nineteen year old daughter of the libellee states she had seen her father strike the mother previous to the separation. I find that the facts warrant a decree for cruel and abusive treatment."

As the report of material facts is under the statute, it must contain every fact necessary to support the decree, from the entry of which no fact may be implied. *Vergnani* v. *Vergnani,* 321 Mass. 703. See *Carilli Constr. Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727. The case is to be decided upon the issue whether the facts reported, with any inferences we may draw therefrom, support the decree. *Tenczar* v. *Tenczar,* 332 Mass. 105, 106. *Abrain* v. *Pereira,* 336 Mass. 460, 461–462.

The report is extremely meager. The next to the last sentence in it appears to have no present bearing. It is a statement of testimony, and not a finding of fact, relating to misconduct of the libellant.

We do not regard this occasion as one for ordering a further report of facts. See G. L. c. 231, § 125A, inserted by St. 1949, c. 171, § 1. Compare *Lawson* v. *Lawson, post,* 781.

It is a fair summary of the reported facts that the libellee, before going to live at another man's home, had insisted upon keeping company with that man despite the libellant's remonstrances, with the result that his health deteriorated and he lost weight. "It is a reasonable inference from the facts reported that the libellee's persistence in her wrongful conduct over the protests of her husband caused injury to him . . . as a natural consequence of her deliberate and persistent misconduct. *Rudnick* v. *Rudnick,* 288 Mass. 256, 257." *Brown* v. *Brown,* 323 Mass. 332, 334.

The libellee relies upon *Armstrong* v. *Armstrong,* 229 Mass. 592, in which the facts somewhat resemble those in the case at bar, where it was said, at p. 594, "Neither words nor acts which do not involve physical violence, inflicted on the other party, are sufficient to constitute cruel and abusive treatment within the meaning of the statute, unless it is shown

that the language was uttered or these acts were committed with a malicious intent and for the purpose of injuring the libellant." This statement was too broad. It had already been said in *Bailey* v. *Bailey*, 97 Mass. 373, 381, that cruelty "is broad enough to include mere words, if they . . . tend to wound the feelings to such a degree as to affect the health of the party, or create a reasonable apprehension that it may be affected. . . . [D]eeply wounded sensibility and wretchedness of mind can hardly fail to affect the health." The *Bailey* case was quoted with approval in *Freeman* v. *Freeman*, 238 Mass. 150, 159–160.

In *Rudnick* v. *Rudnick, supra*, it was said, at p. 257: "It is settled law in this Commonwealth that cruelty sufficient to support a libel for divorce may exist without blows and is proved if the acts charged create danger to the person or health. . . . To establish cruel and abusive treatment it is not necessary to prove that the libellee had a malevolent, intent to cause physical injury to the body or to the health of the libellant, it being sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely to follow the acts of the libellee. *Curtiss* v. *Curtiss*, 243 Mass. 51." See *Sylvester* v. *Sylvester*, 330 Mass. 397, 400–401.

<div align="right">

*Decree affirmed.*