JOSEPH LYNCH *vs.* EVA LYNCH.

Middlesex.    May 22, 1973. — December 11, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Divorce,* Cruel and abusive treatment.  *Probate Court,* Report.

There was no error in dismissing a libel for divorce brought on grounds of
cruel and abusive treatment and desertion where the evidence was
not reported and the judge found that there was no evidence of
desertion and that the only instances of the libellee's alleged cruel and
abusive treatment were an occasion on which the parties exchanged
epithets and another on which the libellee called the libellant a
"faker." [589-590]

LIBEL for divorce filed in the Probate Court for the county
of Middlesex.

The case was heard by *Martin,* J.

*Regina Healy* for the libellant.

*Robert H. Green* for the libellee.

KEVILLE, J.    This is an appeal by the libellant from a
decree dismissing his libel for divorce brought on grounds of
cruel and abusive treatment and desertion. The case comes
here with the probate judge's report of material facts and a
supplemental report of material facts but without a report
of the evidence. Included in the report are recitals of
evidence which are not properly a part of a report of
material facts and will be disregarded. *Skerrett* v. *Hart-
nett,* 322 Mass. 452, 454 (1948). *Collis* v. *Collis,* 355 Mass.
25 (1968). Where, as here, the evidence is not reported, the
question is whether the decree is warranted on the facts
found by the judge with any inferences we may draw
therefrom. *Topor* v. *Topor,* 287 Mass. 473, 476 (1934). *Reed*
v. *Reed,* 340 Mass. 321, 322 (1960).

The parties have been married for fifty years and have
not lived together since 1931. After finding that there was
no evidence that the libellant had been deserted, the judge

found, on admissions of the libellee, whose testimony he stated was "entirely credible," two isolated instances of her alleged cruel and abusive treatment toward the libellant. The first was an exchange of epithets between the parties in the libellant's barber shop in 1965 where the libellee had gone to ask him for money for her support. The second occurred in 1967 when she called him "a faker" after a court hearing to which he had been summoned for failure to obey an order of ten dollars a week for her support. There are instances in which verbal abuse may constitute cruel and abusive treatment. *Bailey* v. *Bailey,* 97 Mass. 373, 381 (1867). *Curtiss* v. *Curtiss,* 243 Mass. 51, 53 (1922). *Ober* v. *Ober, ante,* 32 (1973). However, the facts found here do not as a matter of law require a different decree from that which had been entered. *Miranda* v. *Miranda,* 350 Mass. 478, 479 (1966).

The libellant has also appealed from the judge's order that he pay $100 as an allowance to the libellee to defend the libel. G. L. c. 208, § 17. We find nothing on this record from which we conclude that the amount of the allowance granted by the judge was unreasonable. The order for an allowance and the decree dismissing the libel must be affirmed.

*So ordered.*