Delzenero v. Berube.

THOMAS DELZENERO, JR., executor, *vs.* MARY BERUBE & others.

Bristol.    May 22, 1974. — June 10, 1974.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Probate Court,* Report of material facts, Appeal, Rehearing.

Where a report of material facts by a judge of a Probate Court lacked findings supporting the conclusions therein, and the judge who made the report had retired and the evidence was not reported, this court ordered that the case be heard again. [354-356]

On the record, this court thought it in the interests of justice to vacate an order or decree of a Probate Court dismissing an appeal from a decree allowing an account, although there had been no appeal from such dismissal. [356-357]

PETITION, filed in the Probate Court for the county of Bristol on June 26, 1972, for allowance of an executor's account.

A decree allowing the account was entered by *Considine,* J. Motions to amend a report of material facts and for a new trial were denied, and a motion to dismiss an appeal from the decree on the account was allowed, by *Rotenberg,* J.

*James S. Seligman (Earl M. Seligman* with him) for Mary Berube & others.

*David Entin (Jeffrey S. Entin* with him) for Thomas Delzenero, Jr., executor.

GRANT, J.    This intrafamily dispute over the owner-
ship of a joint bank account presents another illustration
of the difficulties which beset the litigants and this court
when a retiring trial judge fails to perform his statutory
duty to make an adequate report of the material facts
found and relied on by him as the basis for the entry of a
decree which purports to determine the merits of a con-
troversy.    This particular controversy arises in the context
of the efforts of an executor, who is the son of the
testator, to secure the allowance by a Probate Court of
his first and final account over the objections of a group
comprised of five daughters of the testator and the child
of a deceased daughter.    The following are the visible
tufts in a procedural morass.

A decree allowing the account in question was entered
on December 20, 1972, following a hearing on evidence
which is not reported.    On December 29, 1972, the
objectors filed a claim of appeal (G. L. c. 215, § 9) from
that decree and a request under G. L. c. 215, § 11, for a
report of the material facts.    The trial judge's response to
that request (to be discussed) was filed on January 4,
1973, which, we are told, was the effective date of the
trial judge's retirement under art. 98 of the amendments
to the Constitution of the Commonwealth.[1]    A succeed-
ing judge of probate (second judge) denied motions by
the objectors to amend the trial judge's report and for a
new trial.    He also dismissed the appeal from the decree
allowing the account (first appeal) for the reason that the
objectors had failed to comply with the time requirements
(as extended) of Rule 1:02 of the Appeals Court, 1 Mass.
App. Ct. 883 (1972).    The objectors appealed from the

---

[1] For reasons which will presently appear, we need not consider
whether the trial judge's report was signed and filed before or after
the tabulation of the votes cast with respect to art. 98 which was
considered in *Opinion of the Justices*, 362 Mass. 907 (1972).   In order
to avoid any possible difficulty in this respect (see *Bannish* v.
*Bannish*, 357 Mass. 279, 280 [1970]) we shall assume, for the
purposes of this decision, that the trial judge signed and filed the
report in question before he went out of office.

denials of their motions, but not from the order or decree dismissing the first appeal.

The trial judge's response to the objectors' request for a report of the material facts found by him consists of a single page on which the following appear: (a) a statement of the objectors' contention that the account should have included (presumably in Schedules A and C thereof) a joint bank account which the testator had had with the executor; (b) a statement that "[t]he testator, in 1966, added to a bank account he already had, the name of his son, the executor, as a joint owner thereof"; (c) improperly included recitals of opposing testimony (*Adams* v. *Adams,* 331 Mass. 354, 356-358 [1954]; *Reed* v. *Reed,* 340 Mass. 321, 322 [1960]) on which no findings àre made; (d) a finding that one of the witnesses had been employed by the testator for many years; and (e) a concluding statement that "[t]he [c]ourt determined that the money in the joint bank account placed there about six years before the testator's death, was not part of the estate, and was that of the executor, and his alone, and was not accountable for in the first and final account."

The report contains nothing else. Because the trial judge's retirement precludes our remanding the case for further findings under the provisions of G. L. c. 231, § 125A, the decree allowing the account must stand or fall on the facts found in the report. See *Sidlow* v. *Gosselin,* 310 Mass. 395, 397 (1941); *Reed* v. *Reed,* 340 Mass. 321, 322 (1960). The ultimate conclusions (whether of fact or of law) in (e) above rest on the conclusion in (b) above that the testator's act of adding the executor's name to an unidentified bank account resulted in the executor's becoming "a joint owner thereof." The latter conclusion lacks the support of any finding which would warrant a fair inference as to the testator's intent with respect to the ownership of the account.[2] Conclu-

---

[2] For instance, we do not even know whether the account in question was a savings account evidenced by a pass book. If the

sions which rest on nothing more substantial than another unsupported conclusion do not afford a satisfactory basis for decision in a case which comes here solely on a statutory report. As we are unable to obtain further findings from the trial judge, the case must be tried again. *Flynn* v. *Brassard,* 1 Mass. App. Ct. 678, 682 (1974). Contrast *Reed* v. *Reed,* 340 Mass. 321, 322 (1960); *Moutinho* v. *Moutinho,* 342 Mass. 171, 172-173 (1961).

The remaining procedural points need not detain us. The appeals from the denials of the objectors' motions to amend the trial judge's report and for a new trial may be dismissed as moot in view of our disposition of the first appeal. It is true, as the executor urges in his brief, that the objectors did not appeal from the order or decree dismissing that appeal. It is inferable from the record, however, that the reason for the objectors' delay in filing any designation under the aforementioned Rule 1:02 was the continued pendency of their undecided motion for a new trial, which appears to have been filed in prompt response to a remark made by the second judge in connection with his denial of the motion to amend the trial judge's report. There would have been no occasion for processing the first appeal if the motion for a new trial had been allowed.[3] That appeal was dismissed simultaneously with the denial of the motion for a new trial. Nothing in Rule 1:02 required such a result.[4] It lies within our power to permit a late appeal from the

---

account was a savings account, we do not know what was done on signature cards, what became of the pass book, or what (if anything) the testator may have said to anyone which would allow us to attribute significance to his act of adding the executor's name to the account. See Newhall, Settlement of Estates (4th ed. and 1973 Supp.) § 82, and the cases cited therein.

[3] We express no intimation on the propriety of the denial of that motion as presented.

[4] See the second sentence of Rule 1:07 of the Appeals Court (1972), 1 Mass. App. Ct. 887; *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 637-638 (1971).

order or decree dismissing the first appeal. G. L. c. 215,
§ 15. G. L. c. 211A, §§ 10 and 13. We believe it con-
ducive to the interests of justice that the dismissal of the
appeal be vacated.

The order or decree dismissing the appeal from the
decree allowing the first and final account is vacated; the
appeals from the denials of the motions to amend the
trial judge's report of material facts and for a new trial
are dismissed as moot; the decree allowing the account is
reversed; the case is to be heard again on the allowance
of the account; costs of appeal are not to be awarded to
any party.

*So ordered.*