LANNA YEE *vs.* DAVID T. C. YEE. December 9, 1974. This is an appeal from a decree nisi of a Probate Court by which the libellant was granted a divorce on the ground of cruel and abusive treatment. The case comes before us on a report of the evidence but without a report of material facts. While we must examine the evidence and decide the case upon our own judgment, the findings of the probate judge necessarily implied from the entry of the decree will not be reversed unless they are plainly wrong. *Levanosky* v. *Levanosky,* 311 Mass. 638, 639 (1942). *Bloom* v. *Bloom,* 353 Mass. 762 (1968). From testimony at the trial the judge could have found that the libellee engaged in an intentional course of conduct which humiliated and demeaned the libellant to such a degree as to affect her health or to create a reasonable apprehension that it might be affected. *Bailey* v. *Bailey,* 97 Mass. 373, 381 (1867). *Curtiss* v. *Curtiss,* 243 Mass. 51, 53 (1922). *Reed* v. *Reed,* 340 Mass. 321, 323 (1960). *Ober* v. *Ober,* 1 Mass. App. Ct. 32, 33-34 (1973). Contrast *Lynch* v. *Lynch,* 1 Mass. App. Ct. 589, 590 (1973). "To establish cruel and abusive treatment it is not necessary to prove that the libellee had a malevolent intent to cause physical injury to the body or to the health of the libellant, it being sufficient to prove that such was the natural consequence of his conduct and that harm resulted or was reasonably likely

to follow the acts of the libellee." *Rudnick* v. *Rudnick,* 288 Mass. 256, 257 (1934). *Reed* v. *Reed,* 340 Mass. 321, 323 (1960). There was no error in the entry of the decree nisi.

*Decree affirmed.*

*Evvajean Malter* for the libellee.
*Gabriel Kantrovitz* for the libellant.