SAMUEL SILVERMAN *vs.* PEARL SILVERMAN. March 11, 1977. The defendant (wife) filed a petition for separate support, and the plaintiff (husband) filed a libel for divorce on the ground of cruel and abusive treatment. The separate support petition and the divorce libel were consolidated for hearing, and the case was referred to a master. After the judge confirmed the master's report, he dismissed the separate support petition and entered a judgment of divorce nisi for the husband. As the evidence is not reported, the question is whether the facts found by the master, together with any inferences that may properly be drawn therefrom, support the judgment on the libel. *Reed* v. *Reed*, 340 Mass. 321, 322 (1960). *Roberts* v. *Roberts*, 3 Mass. App. Ct. 789 (1975), and cases cited. The wife's principal argument on appeal is that her conduct did not warrant a finding of cruel and abusive treatment. It is clear that conduct short of physical cruelty can constitute cruel and abusive treatment. Cruelty "is broad enough to include mere words, if they tend . . . to wound the feelings to such a degree as to affect the health of the party, or create a reasonable apprehension that it may be affected . . . . [D]eeply wounded sensibility and wretchedness of mind can hardly fail to affect the health." *Bailey* v. *Bailey*, 97 Mass. 373, 381 (1867). *Brown* v. *Brown*, 323 Mass. 332, 334 (1948). *Reed* v. *Reed*, 340 Mass. at 323. In the instant case, however, the record does not establish that "it was reasonably likely" that damage to the husband's health was the natural consequence of the wife's conduct. The facts found by the master could not by any stretch of the imagination be deemed sufficient to support a divorce judgment even under the most expansive application of the "cruel and abusive treatment" ground. Contrast *Brown* v. *Brown, supra; Reed* v. *Reed*, 340 Mass. at 322; *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 33-34 (1973), and cases cited.

The judgment is reversed, and the libel for divorce is dismissed. Costs and expenses of this appeal may be awarded to the wife in the discretion of the Probate Court. G. L. c. 208, § 38.

*So ordered.*

*Julian Soshnick* for the defendant.
*Michael J. Lack* for the plaintiff.

