EDWARD F. MANNING *vs.* IRENE E. MANNING. March 14, 1977. The husband filed a complaint for divorce on the ground of cruel and abusive treatment. The judge granted a judgment of divorce nisi, from which the wife appeals. The case is before us without a report of the judge's findings but with a report of the evidence. Where a case comes to this court without a report of the findings but with a report of the evidence, the judgment imports a finding of all facts, open on the evidence, needed to support the judgment, and such findings must stand

unless clearly erroneous. See Mass.R.Dom.Rel.P. 52(a) (1975). There was evidence from which the judge could have found that the wife intentionally engaged in a persistent course of conduct designed to harass and humiliate her husband. *Brown* v. *Brown,* 323 Mass. 332, 334 (1948). *Yee* v. *Yee,* 2 Mass. App. Ct. 897 (1974), and cases cited. Compare *Bailey* v. *Bailey,* 97 Mass. 373, 381 (1867); *Freeman* v. *Freeman,* 238 Mass. 150, 159-160 (1921). The wife's numerous telephone calls to her husband at work, her threats to speak to his employer, her quarreling with him over money, and her throwing his clothes out on the lawn when he came to pick them up were all facts which the judge could have found were part of a pattern of behavior which was reasonably likely to cause harm to the husband. Contrast *Silverman* v. *Silverman, ante,* 793 (1977). The judge could also have found that the natural consequences of the wife's actions were (1) reasonably likely to impair the health of her husband (see *Rudnick* v. *Rudnick,* 288 Mass. 256, 257 [1934]), and (2) did in fact result in mental suffering (see *Curtiss* v. *Curtiss,* 243 Mass. 51, 53 [1922]) which affected his health. See *Reed* v. *Reed,* 340 Mass. 321, 323 (1960). There was no error in the entry of the judgment of divorce nisi.

*Judgment affirmed.*

*Francis B. J. Badger* for Irene E. Manning.
*E. Seavey Bowdoin* for Edward F. Manning.